# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BLUE BUFFALO COMPANY LTD., | : | CIVIL ACTION NO. 14-cv-01665 |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| NESTLÉ PURINA PETCARE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | NOVEMBER 10, 2014 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Nestlé Purina PetCare Company ("Purina"), hereby submits this Notice of Removal and respectfully requests that the above-entitled action be removed to the United States District Court for the District of Connecticut from the Connecticut Superior Court for the Judicial District of Stamford/Norwalk at Stamford. As set forth herein, removal has been timely and properly noticed, and the action is removable based on the presence of federal question jurisdiction, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332.

## Removal Is Timely and Properly Noticed

1.      Plaintiff, Blue Buffalo Company, Ltd. ("Plaintiff"), served Purina with the relevant complaint (the "Complaint") on October 15, 2014.  A copy of the Complaint and all other documents served on Purina are attached hereto as Exhibit A.

2.      Removal is timely noticed because this Notice of Removal has been filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

3.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal promptly will be served on counsel for Plaintiff and filed with the Clerk of the Superior Court for the Judicial District of Stamford/Norwalk at Stamford.

4.      This action is properly removed to this Court because this District and Division embraces "the place where such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 86.

**The Action Is Removable Based on the Presence of Federal Question Jurisdiction**

5.      As reflected in the materials attached as Exhibit A, this action is subject to removal under 28 U.S.C. § 1331 because it is a civil action within the original federal question jurisdiction of the federal district courts.

6.      Specifically, Plaintiff alleges in its Complaint that Purina's interstate advertising and marketing violate "Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)." Id. at ¶ 46.

7.      Because Plaintiff's action is one within the federal question jurisdiction of the federal courts, the action is removable to this Court without regard to the citizenship of the parties under 28 U.S.C. § 1441(a), (b).

**The Action Is Removable Based on Diversity of Citizenship**

8.      As also reflected in the materials attached as Exhibit A, this action is subject to removal under 28 U.S.C. §§ 1332(a) and 1441, because it is a civil action within the original diversity jurisdiction of the federal district courts. Specifically, there is complete diversity of citizenship between the litigants and the amount in controversy exceeds $75,000 exclusive of interests and costs. See 28 U.S.C. § 1446(c)(2)(A).

9.      Plaintiff is a Delaware corporation with its principal place of business at 11 River Road, Wilton, Connecticut. See Exhibit A at ¶ 9.

10.     Defendant, Purina, is a Missouri corporation with its principal place of business at 901 Chouteau Avenue, St. Louis, Missouri. See id. at ¶ 10.

11.    Purina makes and sells popular brands of pet food, treats, and related products throughout the United States, some of which are the subject of Plaintiff's Complaint. Plaintiff challenges Purina's nationwide marketing of these products, alleges that, by means of Purina's advertising and marketing, Purina has "divert[ed] sales from [Plaintiff]," Compl. ¶ 1, and seeks to enjoin Purina from its current marketing campaigns and disgorgement of Purina's profits associated with marketing these products. See id., Prayer for Relief, at ¶¶ 1-15.

12.    The amount in controversy, therefore, exceeds the sum of $75,000, exclusive of interest and costs. See id.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant removes this action from the Superior Court for the Judicial District of Stamford/Norwalk at Stamford to the United States District Court for the District of Connecticut.

DEFENDANT, NESTLÉ PURINA PETCARE
COMPANY

By /s/ Thomas D. Goldberg
Thomas D. Goldberg (ct04386)
tgoldberg@daypitney.com
Jonathan B. Tropp (ct11295)
jbtropp@daypitney.com
Day Pitney LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
Telephone:  (203) 977-7300
Facsimile:  (203) 977-7301

Its Attorneys

Of Counsel

Carmine R. Zarlenga
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC  20006
(202) 263 3227
czarlenga@mayerbrown.com

Richard M. Assmus
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-8623
rassmus@mayerbrown.com

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent on November 10, 2014, by first-class mail, postage prepaid, to:

Robert M. Langer, Esq.
WIGGIN AND DANA LLP
20 Church Street
Hartford, CT 06103
Tel: (860) 297-3700
Fax: (860) 525-9380
rlanger@wiggin.com

James I. Glasser, Esq.
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508
Tel: (203) 498-440
Fax: (203) 782-2889
jglasser@wiggin.com

/s/ Thomas D. Goldberg
Thomas D. Goldberg

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
10/15/2014
CT Log Number 525887122

**TO:** Douglas Besman, Attorney
Nestle USA, Inc.
30003 BAINBRIDGE RD
Solon, OH 44139-2290

**RE:** **Process Served in Connecticut**

**FOR:** Nestle Purina Petcare Company (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Blue Buffalo Company LTD., Pltf. vs. Nestle Purina Petcare Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Statement, Exhibit(s) |
| **COURT/AGENCY:** | Stamford/Norwalk at Stamford Superior Court Judicial District, CT Case # None |
| **NATURE OF ACTION:** | False Advertising under the Lanham Act and Violation of the Connecticut Unfair Trade Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/15/2014 at 11:00 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 12/09/2014 |
| **ATTORNEY(S) / SENDER(S):** | Robert M. Langer Wiggin and Dana LLP 20 Church Street Hartford, CT 06103 860-297-3700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/16/2014, Expected Purge Date: 10/21/2014 Image SOP Email Notification, Susan Denigan susan.denigan@purina.nestle.com Email Notification, David Herman david.herman@us.nestle.com Email Notification, Yun Au Yun.Au@us.nestle.com Email Notification, Diane Hughes diane.hughes@us.nestle.com Email Notification, Douglas Besman Douglas.Besman@us.nestle.com Email Notification, Princeton Kim Princeton.Kim@us.nestle.com Email Notification, Lori Gray lori.gray@us.nestle.com |
| **SIGNED:** **ADDRESS:** **TELEPHONE:** | C T Corporation System One Corporate Center Hartford, CT 06103-3220 860-724-9044 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS - CIVIL

JD-CV-1   Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

### STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

**See page 2 for instructions**

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☒ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, CT 06905 | ( 203 ) 965-5308 | December   9 , 2014 <br> Month   Day   Year |

| | | | |
|---|---|---|---|
| ☒ Judicial District <br> ☐ Housing Session   G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) <br> **J.D. of Stamford-Norwalk** | Case type code (See list on page 2) <br> Major: **M**   Minor: **90** | |

### For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Wiggin and Dana LLP, 20 Church Street, Hartford, CT 06103 | 067700 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 297-3700 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: **Blue Buffalo Company Ltd** <br> Address: **11 River Road, Wilton, CT 06897** | P-01 |
| Additional Plaintiff | Name: <br> Address: | P-02 |
| First Defendant | Name: **Nestle Purina Petcare Company** <br> Address: **901 Chouteau Avenue, St. Louis Missouri 63102** | D-01 |
| Additional Defendant | Name: <br> Address: | D-02 |
| Additional Defendant | Name: <br> Address: | D-03 |
| Additional Defendant | Name: <br> Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left <br> **Robert M. Langer** | Date signed <br> 10/15/14 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date <br><br> A TRUE COPY <br> ATTEST: <br> JOHN T. FIORILLO <br> CONNECTICUT STATE MARSHAL <br> HARTFORD COUNTY |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|
| Ivana Greco, Wiggin and Dana LLP, One Century Tower, New Haven, CT 06508 | | |

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date <br> 10 15 14 | Docket Number |
|---|---|---|---|

RETURN DATE:  December 9, 2014

------------------------------------------------------------

BLUE BUFFALO COMPANY LTD.,  :  SUPERIOR COURT
               :  JUDICIAL DISTRICT OF
               :  STAMFORD/NORWALK
               :  AT STAMFORD
               :
        Plaintiff, :
v.             :
               :
NESTLÉ PURINA PETCARE COMPANY, :
               :
       Defendant. :  October 15, 2014

------------------------------------------------------------

## COMPLAINT

    Plaintiff Blue Buffalo Company Ltd. ("Blue Buffalo" or "Plaintiff"), for its Complaint against Defendant Nestlé Purina PetCare Company ("Nestlé Purina" or "Defendant"), respectfully alleges as follows:

**I.**  **SUMMARY OF THE CASE**

    1.  Pet food manufacturer Blue Buffalo brings this action to stop and recover damages for a multi-brand, nationwide false and deceptive advertising campaign by its competitor Nestlé Purina that deliberately misleads consumers about the nature, characteristics and qualities of the ingredients in Nestlé Purina's pet food products.  Through its television commercials, print advertising, websites and packaging, Nestlé Purina falsely claims among other things:  (1) that high-quality, wholesome ingredients—like salmon, shrimp, filet mignon, sirloin steak, bacon, beef and rice—are the main ingredients in certain of Nestlé Purina's most popular pet food products, when in fact those ingredients either do not exist at all in the products or constitute only a tiny portion; (2) that certain Nestlé Purina pet food products are made with premium, human quality ingredients, when in fact they are not; and (3) that certain Nestlé Purina pet food products are healthy for pets, when in fact Nestlé

Purina knew that those products caused sickness and death. By means of this and other false and misleading advertising, Nestlé Purina has been able to position its products as high-quality, wholesome pet foods, thereby deceiving consumers and diverting sales from Blue Buffalo.

2.       Nestlé Purina is a subsidiary of Nestlé S.A., which is the world's largest food company with over $100 billion in annual sales and more than $220 billion in market capitalization. Nestlé Purina is the largest pet food company in the United States, with a 33% market share. The formulations of Nestlé Purina's pet food products rely heavily on the inclusion of lower quality, cheaper ingredients such as meat and bone meal, by-product meal from poultry or chicken, corn and corn derivatives such as corn gluten meal as cheap animal protein substitutes, fractionated grains, and cheap fillers such as brewers rice. In addition, many of Nestlé Purina's pet food products contain numerous artificial color additives, and artificial preservatives.

3.       Blue Buffalo was launched in the United States just over a decade ago to provide consumers with a different choice. Blue Buffalo understands that concerned pet owners, when they are given an informed choice, will choose to feed their dogs and cats premium foods made from high quality ingredients like real meat, whole grains, fruits and vegetables, and will avoid feeding their pets foods with cheaper, lower quality ingredients.

4.       Blue Buffalo is now the fastest-growing major pet food company in the United States, and has taken a leading position in the growing wholesome, natural-foods segment of the market. In recent years, consumers have turned to Blue Buffalo's products and away from the engineered, lower quality products manufactured by Nestlé Purina and other major companies that historically have dominated the market.

5.      Rather than investing the time and money necessary to actually make high-quality, wholesome pet foods of its own, Nestlé Purina has taken the shortcut of simply and deceptively marketing and advertising its products as being premium quality, communicating that they are made with substantial amounts of high quality or human grade ingredients, when, in truth and in fact, they are not.

6.      Nestlé Purina has further deceived consumers and harmed competitors by marketing and advertising certain pet treats as "natural," "wholesome" and "healthy" for dogs, when Nestlé Purina knew that those treats caused serious illness and death in dogs. Nestlé Purina not only failed to disclose the truth about these products, but it falsely claimed that these products were "healthy" when this was untrue and known by Nestle.Purina to be untrue.

7.      As a consequence of its nationwide and multi-brand course of deception, Nestlé Purina has induced consumers to purchase its pet food products—and diverted sales from Blue Buffalo—by falsely advertising and creating the false impression that Nestlé Purina's products consist primarily of high quality, human grade, wholesome ingredients, when in truth and fact those products consist primarily of low quality, undesirable ingredients.

8.      By this action, Blue Buffalo seeks damages, injunctive relief, corrective advertising and disgorgement of Nestlé Purina's profits occasioned by Nestlé Purina's false and deceptive advertising, which unjustly benefits Nestlé Purina to the detriment of consumers and Blue Buffalo.

3

## II.    PARTIES AND JURISDICTION

9.      Plaintiff Blue Buffalo is a Delaware corporation with headquarters at 11 River Road, Wilton, Connecticut.  Blue Buffalo is in the business of developing, marketing and selling high-quality wholesome pet food, treats and related products in Connecticut and throughout the United States and Canada.

10.     Defendant Nestlé Purina is a Missouri corporation with headquarters at 901 Chouteau Avenue, St. Louis, Missouri.  Nestlé Purina makes and sells pet food, treats and related products in Connecticut, throughout the United States, and worldwide.  This Court has jurisdiction over Nestlé Purina under Conn. Gen. Stat. 52-59b because, *inter alia*, Nestlé Purina transacts business within the state and has committed a tortious act within the state causing injury within the state.

## III.   FACTS

### A.    <u>Blue Buffalo and the Premium Pet Food Market</u>

11.     Blue Buffalo was founded in 2002 by Bill Bishop and his two sons.  When their family dog was diagnosed with cancer, the Bishops began researching pet food ingredients and were disturbed to learn that most well-known brands were made primarily from low cost ingredients like by-products, corn, corn gluten meal (the dried residue from corn after the removal of the larger part of the starch and germ, and the separation of the bran), as well as artificial flavors and colors.  Blue Buffalo developed and brought to market foods made with the high-quality, wholesome ingredients that many owners desired for their pets, including substantial quantities of real meat, with whole grains, fruits and vegetables.

12.     Nestlé Purina takes a very different approach to pet food.  Its products typically use lower-quality, lower-cost ingredients, and the principal ingredients are often "by-products" from chicken or other poultry, corn and its derivatives, and cheap fillers that

4

are of limited or no nutritional value, such as brewers rice.  Its products also usually contain wheat and soy proteins, and artificial colors, flavors, and preservatives (including BHA and propylene glycol, which has been banned by the FDA for use in cat foods but is still permitted in dog foods).

**B.    Nestlé Purina's False and Misleading Advertising Campaign**

13.    In apparent recognition of the competitive threat posed by the premium pet food market, and the success of Blue Buffalo and other high-quality pet food manufacturers, Nestlé Purina has attempted to compete for the same consumers.  But instead of investing the time and money necessary to manufacture high-quality, wholesome pet foods with premium quality ingredients, Nestlé Purina has chosen instead to continue making its products primarily with low-cost, low quality ingredients, while at the same time misleading consumers as to the quality of those products and the ingredients they use by means of its false advertising campaign.

14.    Specifically, Nestlé Purina is falsely communicating to consumers that:  (1) the main ingredients in certain Nestlé Purina pet foods are high quality, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients do not exist at all in the products or constitute only a tiny portion; (2) certain Nestlé Purina pet food products are comprised mainly of premium human quality ingredients, when in fact they are not; and (3) certain Nestlé Purina pet food products are healthy for dogs, when in fact those products are known by Nestlé Purina to cause sickness and death.

**Nestlé Purina's *Beggin' Strips***

15.    One prominent example of this consumer deception is the advertising for Nestlé Purina's ***Beggin' Strips***, a leading brand of dog snacks.  Nestlé Purina's television commercials for ***Beggin' Strips*** claim that the product is bacon and that its main ingredient is

bacon. That is undeniably false. The real main ingredients of **Beggin' Strips** are such non-bacon, non-meat fillers as ground wheat, corn gluten meal, wheat flour, ground yellow corn, water, sugar, glycerin, soybean meal and hydrogenated starch hydrolysate. In fact, bacon is listed **tenth** on the ingredient list, and thus makes up only a tiny fraction of this processed product.

16.     Nestlé Purina's television commercials for **Beggin' Strips** conceal that truth from consumers and, instead, falsely masquerade the product as bacon. A true and correct copy of one **Beggin' Strips** television advertisement is located at http://www.ispot.tv/ad/ 7IFX/purina-beggin-strips-beggin-time, and a storyboard of the advertisement is attached as "Exhibit A." The advertisement includes these and many other false and misleading screenshots:



The commercial shows a thought bubble with a picture of bacon appearing over a dog's head when a bag of the treats is opened. The dog jumps to its feet as a voiceover intended to be the dog's inner voice says "Bacon!" The dog runs around the house looking for the bacon, while the dog's "voiceover" repeats the word "bacon" over and over again. The dog's mission is to find "the bacon." As the dog checks a pan on the stove to find it empty and turns to find the owner with the bag of **Beggin' Strips**, the voiceover says: "yummy, crunchy bacon, bacon, bacon! There in that bag." The word bacon is repeated 10 times. It is referenced throughout

6

the commercial, including when a child's blocks spin around to spell "BACON" as the dog

rushes by (as shown above), and when a newscaster on television talks about the popularity of

bacon. Even the name of the product, *Beggin'*, is pronounced like "bacon." When the pet

owner in the commercial asks the dog: "Who wants a Beggin' Strip?"—it sounds as if she is

saying "Who wants a bacon strip?" When the dog proclaims, after eating the treat, "It's

Beggin'!", it sounds like "It's bacon!" And the treats themselves, as shown in the

advertisement, are made to look exactly like strips of bacon.

17.     The television advertisement is false. *Beggin' Strips* are not bacon. Nor, as

alleged above, is bacon the principal or even a significant ingredient. Furthermore, to the

extent there purportedly is some small amount of something in the product labelled as

"bacon," it is unclear what (if any) meat product or other ingredients were used, and by what

process the ingredient is made to be identified as "bacon."

18.     The *Beggin' Strips* packaging contains and reinforces the same false and

misleading claim. Attached as "Exhibit B" is a true and correct copy of the front of the

*Beggin' Strips* packaging. The front of the packaging is also reproduced below:



The front of each package prominently proclaims that the product is "made with real bacon!" And the packaging includes an illustration of bacon frying in a pan, just like real bacon.

19.     This false and misleading message is further emphasized by Nestlé Purina's *Beggin' Strips* website (www.beggin.com), which proclaims: "ORIGINAL BEGGIN' STRIPS®. THEY SMELL LIKE SMOKY, SIZZLIN' BACON.  TASTE LIKE SAVORY, MEATY BACON.  HECK THEY'RE EVEN MADE WITH REAL BACON!"  Attached as "Exhibit C" are true and correct copies of pages from Nestlé Purina's website advertising its *Beggin' Strips* product.  And within the website, Nestlé Purina encourages users to share information concerning the *Beggin'* line of products on social media and displays posts from consumers using links entitled "More Bacon" reinforcing at literally every turn the intended consumer misperception that the product is made in substantial part from real bacon.

20.     Consumers reasonably expect that when the manufacturer of a dog treat highlights real beef, turkey, duck, chicken or bacon in the advertisements for the treat—as in

8

the case of the ***Beggin'*** products—that the highlighted meat will be a primary ingredient of the treat.

### Nestlé Purina's *Cat Chow Naturals*

21.     Another example of Nestle Purina's consumer deception is the packaging claims and advertising for its ***Cat Chow Naturals***, a dry cat food product.  Attached as "Exhibit D" is a true and correct copy of the front of the ***Cat Chow Naturals*** packaging.  The relevant portion of the front of the packaging is also reproduced below:



Beneath the name of the product, the packaging prominently features a kitchen cutting board with a large cut of salmon filet, conveying the clear message that salmon is one of the main ingredients of the food.  But, in truth and in fact, the main ingredients of ***Cat Chow Naturals*** are (in order):  chicken meal, corn gluten meal, soybean meal, brewers rice, animal fat preserved with mixed-tocopherols, and corn meal.  Salmon appears only ***eighth*** in the ingredient list, and thus represents only a tiny portion of the actual product.

9

22.     The actual main ingredients of *Cat Chow Naturals* (chicken meal, corn gluten meal, soybean meal, etc.) are substantially cheaper than salmon.  Therefore, by using those cheaper ingredients as the main ingredients, Nestlé Purina is saving significantly in its ingredient costs, while charging a premium price to consumers by misleading the consumers to believe that they are purchasing a product made primarily with more expensive premium ingredients like salmon.

23.     The false and misleading message of the packaging is further reinforced by the brand's television advertisements.  One such ad (entitled, "Coming Home") draws a direct comparison between the pet owner's diet and the cat's diet.  A true and correct copy of the *Cat Chow Naturals* television advertisement is located at http://www.ispot.tv/ad/ 7feI/purina-cat-chow-naturals-coming-home, and a storyboard of the advertisement is attached as "Exhibit E."  The advertisement includes this screenshot:



The advertisement claims that both the owner and the cat have started eating healthier, with a voiceover stating "in time you realize:  the better you eat, the better you feel," and "these days

10

we both eat smarter." The advertisement shows the pet owner taking a large filet of salmon out of the refrigerator just before feeding her cat with *Cat Chow Naturals*, while a voiceover states that *Cat Chow Naturals* is "made with real chicken and salmon." The advertisement conveys the false message that salmon is one of the main ingredients in *Cat Chow Naturals*, when, as stated above, it is not.

### Nestlé Purina's *Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp*

24.    The packaging for Nestlé Purina's *Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp* is yet another stark example of Nestle Purina's false and misleading advertisement practices.  Attached as "Exhibit F" is a true and correct copy of the front of the packaging for *Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp*. The front of the packaging is also reproduced below:



Nestlé Purina advertises the "Fancy Feast" brand as its "Gourmet" line.  The front of the packaging describes the product as "Gourmet Cat Food," and the Fancy Feast website

11

(www.fancyfeast.com) describes the product as "FANCY FEAST GOURMET CAT FOOD." Exploiting that theme, the packaging prominently describes the product as "Filet Mignon Flavor with Real Seafood and Shrimp." A gold seal with a picture of a heart in the middle and the words "100% Complete & Balanced Nutrition" circling the heart, further reinforces the false message that the product consists predominantly—if not entirely—of high-quality, wholesome ingredients. The Fancy Feast website likewise promotes the product as "FILET MIGNON FLAVOR WITH REAL SEAFOOD AND SHRIMP." Attached as "Exhibit G" are true and correct copies of pages from the Fancy Feast website

25.     The repeated and prominent references to "Filet Mignon"—in both the product's name and its advertising—are false and misleading given that the product contains *no beef whatsoever*, much less any cut of meat that could be described as "filet mignon." Widely considered by consumers to be the most tender cut of beef, and thus the most desirable for humans, and one of the most expensive, filet mignon wholly absent from *Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp*. Instead, the main ingredients are brewers rice, corn gluten meal, beef tallow (*i.e.,* fat), and poultry by-product meal (which consists of "the ground, rendered, clean parts of the carcass of slaughtered poultry, such as necks, feet, undeveloped eggs, and intestines.") Instead of filet mignon, or any real beef, the product contains a miniscule amount of "filet mignon flavor" as the *seventeenth* ingredient. And contrary to the false message that "real seafood and shrimp" are primary or significant ingredients, fish and shrimp are ingredients *eight* and *nine,* and thus represent a small portion of the product.

26.     The effect of these devices is that *Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp* is a cheap product made with inferior ingredients that Nestle Purina,

12

through deceptive advertising and gimmickry, is palming off as a premium "gourmet" product.

### Nestlé Purina's *Beneful* Dog Foods

27.     Nestlé Purina uses the same type of false and misleading packaging and television advertisements gimmickry for its *Beneful* line of dog foods. The television advertisements for the *Beneful* line typically feature a cascade of apparently human-grade meats, vegetables and grains falling through the air, conveying the false message that the dog food is comprised primarily of high-quality wholesome ingredients. A true and correct copy of a representative *Beneful* television advertisement is located at http://www.ispot.tv/ad/7RV7/ purina-beneful-happy-healthy-dog, and a storyboard of the advertisement is attached as "Exhibit H." A screenshot from the advertisement is reproduced below:



28.     Further reinforcing this false and deceptive message, the packaging for *Beneful* products typically features colorful pictures of chunks of whole meat, whole vegetables and grains scattered across the white background of the package, and claims that the foods are made with "real" ingredients. For example, the "Original With Real Beef" variety of *Beneful* dry dog food features photos of chunks of human-grade looking beef, an

13

ear of corn, a shaft of wheat, peas, carrots, and spinach leaves scattered against a white

background.  Attached as "Exhibit I" is a true and correct copy of the front of the **Beneful**

"Original With Real Beef" packaging.  The front of the packaging is also reproduced below:



An orange ribbon directly underneath the name of the brand prominently displays the words

"With Real Beef" in white lettering.  Although the packaging conveys that "Real Beef" is the

primary ingredient in the product, the main ingredients of Nestlé Purina's **Beneful** "Original

With Real Beef" dog food are actually (in order):  ground yellow corn, chicken by-product

meal, corn gluten meal, whole wheat flour, animal fat preserved with mixed-tocopherols, and

rice flour.  In truth and in fact, beef is ingredient number *seven*, and thus represents a very small portion of the product.

29.     Similarly, the packaging for the "Healthy Fiesta" variety of *Beneful* dog food prominently features a picture of an avocado, along with the photos of cubes of whole chicken meat, wheat, carrots and corn, and claims to be made "With Real Chicken and Wholesome Grains, Accented with Vitamin-Rich Vegetables and Avocado."  In truth and in fact, chicken is the *sixth* ingredient and avocado is the *twentieth*.  Contrary to the false and misleading packaging, the main ingredients of Nestlé Purina's "Healthy Fiesta" variety of *Beneful* dog food are actually (in order):  ground yellow corn, chicken by-product meal, corn gluten meal, whole wheat flour, and animal fat preserved with mixed-tocopherols.  Attached as "Exhibit J" are true and correct copies of the front of two variants of *Beneful* "Healthy Fiesta" packaging.

### Nestlé Purina's *ONE SMARTBLEND* Brand of Dog Food and *Pro Plan* Brand of Dog and Cat Food

30.     The advertising and packaging for Nestlé Purina's *ONE SMARTBLEND* brand of dog food and *Pro Plan* brand of dog and cat food are likewise false and misleading. Attached as "Exhibit K" are true and correct copies of the front of the packaging for Nestlé Purina's *ONE SMARTBLEND* "Lamb and Rice Formula," "Chicken and Rice Formula" and "Small Bites Beef and Rice Formula" dog foods.  Attached as "Exhibit L" is a list of Nestlé Purina *Pro Plan* dog foods and cat foods that are advertised as containing rice, and true and correct copies of representative examples of the front of the packaging for those products. Reproduced below are representative examples of the front of the packaging of the *ONE SMARTBLEND* products attached as Exhibit K, and the front of the packaging of the *Pro Plan* products attached as Exhibit L:







31.     Each of these products is prominently advertised as containing "Rice",
including in the actual name of the formula. For example, Nestlé Purina's *ONE
SMARTBLEND* dog food claims to be a "smart" (*i.e.,* healthy and nutritious) "blend" of
protein (lamb, chicken or beef) *and rice* (emphasis added). Similarly, the *Pro Plan* dog and
cat food products claim to be a combination of protein (*e.g.,* lamb, beef, chicken or duck) *and
rice* (emphasis added). Upon information and belief, Nestlé Purina prominently advertises its
*ONE SMARTBLEND* and *Pro Plan* pet food products as containing rice not because dogs
and cats crave the taste of rice, but because pet owners understand rice to be a rich source of
fiber and other nutrients, drawing on an analogy from human dietary practices.

32.     The repeated and prominent references to rice in the advertising of these *ONE
SMARTBLEND* and *Pro Plan* pet food products are false and misleading. In fact, these
products do not contain any actual rice, as that term would be understood by a typical
consumer. Instead, these products are made with "brewers rice," which is part of the
fractionated debris left over from whole rice that has been milled, and the saleable rice has
been separated. It is the dross that remains otherwise unusable in the production of white rice
from whole grain rice. Brewers rice does not contain many of the nutritional benefits of
whole grain rice or even the lower nutritional benefits of white rice sold for human
consumption. Brewer's rice therefore is used primarily as cheap filler in animal feeds. By
prominently advertising its *ONE SMARTBLEND* and *Pro Plan* pet food products as
containing actual rice, Nestlé Purina conveys the false message that those products are made
with a healthy and nutritious grain, when in fact those products are made with brewers rice, a
filler with little or no nutritional value.

17

33.     Nestlé Purina makes extensive use of brewers rice as cheap filler across its many products, including in its recently launched *Beyond* brand of dog and cat foods. The *Beyond* products are marketed as Nestle Purina's most premium priced line of products, and are positioned to compete directly with wholesome, natural pet food brands such as Blue Buffalo. Moreover, in an apparent recognition of the unappealing nature of the true ingredient, Nestlé Purina does not even mention "rice", much less "brewers rice", for the description of its *Beyond* "Simply 9" dry dog formulas. Instead, these products are described on the package front as made with "whole barley". But as reflected in the product's ingredient panel, there is substantially more brewers rice filler in these products than barley.

34.     Because brewers rice is essentially a by-product discarded from the production of human grade rice, it is substantially cheaper than white or whole grain rice. Therefore, by using brewers rice, Nestlé Purina is saving significantly in its ingredient costs, while charging a premium price to consumers by misleading the consumers to believe that they are purchasing products made with more expensive rice and other premium ingredients.

### Nestlé Purina's *Chef Michael's* Brand of Dog Food

35.     The advertising and packaging for Nestlé Purina's *Chef Michael's* brand of dog food also is false and deceptive. Attached as "Exhibit M" are true and correct copies of the front of the *Chef Michael's* "Oven Roasted Chicken Flavor" and "Grilled Sirloin Steak Flavor" packaging. Attached as "Exhibit N" are true and correct copies of pages from the *Chef Michael's* website. The front of the packaging is also reproduced below:

18



The packaging for **Chef Michael's** dog food prominently features photos of pieces of raw "Real Chicken" or "Real Beef," and reinforces the message of the quality and content of these ingredients with the product names, "Oven Roasted Chicken" and "Grilled Sirloin Steak." Moreover, as illustrated below, the packaging juxtaposes and equates the images of chunks of "Real Chicken" and "Real Beef" with the so-called "Tender Pieces," conveying the false message that the "Tender Pieces" are whole pieces of the chicken or beef pictured.



19



36.     In truth and in fact, these "meaty" "Tender Pieces" are not pure chunks of beef or chicken.  Nor are they "grilled sirloin steak" or "oven roasted chicken," as deceptively referenced in the products' names.  Contrary to these false and misleading claims, the "Tender Pieces",  include soy products and other cheaper ingredients, any meat components of these pieces are NOT the whole pieces of premium meat cuts pictured in the advertisements and packaging.

37.     The false and deceptive message that the product is made from chunks of premium meat in the form of the "Tender Pieces" is reinforced by the tag line prominently featured on the product's website (www.chef-michaels.com)—"It's not just dog food.  It's Chef Michael's"—which falsely suggests that the product consists of high-quality, human-grade beef and chicken as you would expect to be prepared by a "Chef" rather than soy and other cheaper ingredients.

### Nestlé Purina's *Waggin' Train* and *Canyon Creek Ranch* Jerky Treats

38.     Nestlé Purina has intentionally misled consumers by means of false and deceptive representations that its defective chicken and duck jerky dog treats—marketed under the *Waggin' Train* and *Canyon Creek Ranch* brand names—were wholesome and suitable for consumption by dogs at times when, in fact, those products were known by Nestlé Purina to cause sickness and death in dogs.  Nestlé Purina promoted the jerky dog treats as being "natural," "wholesome," "healthy" and made from "only the most simple and pure

20

ingredients." In doing so, Nestlé Purina failed to disclose the material facts that the jerky

treats: (i) had proven poisonous to dogs, and were implicated in the illness and/or deaths of

hundreds of pets, (ii) were manufactured and processed in Chinese facilities that were not

subject to the same oversight as their counterparts in the United States, and (iii) had been

exposed to, or included, harmful ingredients, including illegal antibiotics, diseased bird parts,

and/or other toxic ingredients. Instead, Nestlé Purina callously disregarded thousands of

consumer complaints and multiple warnings from the United States Food and Drug

Administration about the safety of these products, and instead continued to issue public

statements falsely claiming that the treats were manufactured under "the highest quality and

safety standards" and were not responsible for any illness. Nestle Purina maintained this

stonewall of false publicity behind these products right up until withdrawing the jerky treats

from the market in early 2013, long after many pet owners had already purchased and fed the

treats to their dogs, causing them to become ill or die.

## IV.  INJURY TO BLUE BUFFALO AND THE PUBLIC

39.    Nestlé Purina's false and misleading advertising campaign is damaging to Blue

Buffalo and to the public. These false and misleading representations are designed to entice

consumers to purchase Nestlé Purina's pet food products over Blue Buffalo's pet food

products. Specifically, Nestlé Purina's false and misleading representations regarding the

main ingredients of its products convey the false message that its products are made primarily

of high-quality, wholesome ingredients, when in fact those Nestlé Purina products consist

primarily of inferior, lower-cost ingredients.

40.    Because the cost to produce Nestlé Purina's pet food products containing

economically inferior components is far less than the cost to produce high-quality pet food

products, Nestlé Purina's false and misleading advertising campaign has allowed it to reap a

21

substantial profit.  At the same time, through its false and deceptive advertising, Nestlé

Purina's induces consumers who would otherwise buy Blue Buffalo's genuinely premium

products to instead buy Nestle Purina's cheap substitutes.

41.     The natural, probable and foreseeable result of Nestlé Purina's wrongful

conduct has been to cause confusion, deception and mistake in the pet food market.

42.     Nestlé Purina's wrongful conduct has resulted in increased sales of Nestlé

Purina's own pet food products while reducing the sales of Blue Buffalo's pet food products.

Blue Buffalo has sustained and will sustain damages as a result of Nestlé Purina's wrongful

conduct.

## V.     CAUSES OF ACTION

**Count One:     False Advertising under the Lanham Act (15 U.S.C §1125(A))**

1–43.    Paragraphs 1 through 43 of the Complaint are hereby repeated and realleged as

Paragraphs 1 through 43 of this First Count as if fully set forth herein.

43.     By creating and disseminating the false and deceptive advertising campaign

described herein, Nestlé Purina has falsely represented to the public that (1) the main

ingredients in certain Nestlé Purina pet foods are high quality, costly, wholesome

ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact

those ingredients comprise only a tiny portion, if any, of the foods' formulas; (2) certain

Nestlé Purina pet food products are composed mainly of premium human quality ingredients,

when in fact they are not; and (3) certain Nestlé Purina pet food products are healthy, safe and

nutritious for dogs, when in fact those products posed a known and substantial risk of injury

and death to pets who ate them.

44.     As a result, members of the public will be and, in fact, have already been

deceived, misled and/or confused into believing that (1) the main ingredients in certain Nestlé

22

Purina pet foods are high quality, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients comprise only a tiny portion, if any, of the foods' formulas; (2) certain Nestlé Purina pet food products are composed mainly of premium human quality ingredients, when in fact they are not; and (3) certain Nestlé Purina pet food products are healthy, safe and nutritious for dogs, when in fact those products posed a known and substantial risk of injury and death to pets who ate them.

45.     Nestlé Purina's false and misleading statements have deceived, or have the tendency to deceive, a substantial portion of the intended audience about matters that are material to purchasing decisions.

46.     By reason of the foregoing, Nestlé Purina's false and misleading statements are made in commercial advertising and promotion in interstate commerce and violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Blue Buffalo has suffered, is likely to suffer, and will continue to suffer actual damages and diverted sales in an amount to be proven at trial and irreparable injuries as a proximate result of Nestlé Purina's wrongful acts.

48.     Pursuant to 15 U.S.C. § 1117(a), Blue Buffalo is further entitled to the disgorgement of Nestlé Purina's profits from their unlawful conduct, costs, and attorneys' fees.

49.     Pursuant to 15 U.S.C. § 1116, Blue Buffalo is also entitled to the entry of a preliminary and permanent injunction enjoining Nestlé Purina from falsely representing to the public that high-quality wholesome ingredients are the primary ingredients in its pet food products, when in fact those ingredients constitute only a tiny portion of those products.

23

**Count Two:**   **Violation of the Connecticut Unfair Trade Practices Act: Deceptive Acts or Practices (Conn. Gen. Stat. § 42-110a *et seq.*)**

1–50.   Paragraphs 1 through 50 of the Complaint are hereby repeated and realleged as Paragraphs 1 through 50 of this Second Count as if fully set forth herein.

50.   The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

51.   By creating and disseminating the false and deceptive advertising campaign described herein, Nestlé Purina has falsely represented to the public that (1) the main ingredients in certain Nestlé Purina pet foods are high quality, costly, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients comprise only a tiny portion, if any, of the foods' formulas; (2) certain Nestlé Purina pet food products are composed mainly of premium human quality ingredients, when in fact they are not; and (3) certain Nestlé Purina pet food products are healthy, safe and nutritious for dogs, when in fact those products posed a known and substantial risk of injury and death to pets who ate them.

52.   As a result, members of the public will be and, in fact, have already been deceived, misled and/or confused into believing that (1) the main ingredients in certain Nestlé Purina pet foods are high quality, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients comprise only a tiny portion, if any, of the foods' formulas; (2) certain Nestlé Purina pet food products are composed mainly of premium human quality ingredients, when in fact they are not; and (3) certain Nestlé Purina pet food products are healthy, safe and nutritious for dogs, when in fact those products posed a known and substantial risk of injury and death to pets who ate them.

24

53.     Nestlé Purina's conduct is likely to mislead consumers, who are acting reasonably when viewing Nestlé Purina's advertisements, and is likely to affect consumers' decisions or conduct.  For these reasons, Nestlé Purina's conduct constitutes a deceptive act or practice.

54.     As a consequence of its nationwide and multi-brand course of deception, Nestlé Purina has induced consumers to purchase its pet food products—and diverted sales from Blue Buffalo—by falsely advertising and creating the false impression that Nestlé Purina's products consist primarily of high quality, human grade, wholesome ingredients, when in truth and fact those products consist primarily of low quality, undesirable ingredients.

55.     Nestlé Purina's acts or practices alleged herein constitute deceptive acts or practices in violation of Conn. Gen, Stat. § 42-110b.  Blue Buffalo has suffered, and will continue to suffer, an ascertainable loss of money or property as a result of Nestlé Purina's actions, and is entitled to recover actual damages pursuant to Conn. Gen. Stat. § 42-110g(a).  Because Nestlé Purina has acted with a willful, reckless and/or wanton indifference to Blue Buffalo's rights, Nestlé Purina also is liable for punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a).  Blue Buffalo also is entitled to recover its costs and reasonable attorneys' fees incurred in prosecuting this action pursuant to Conn. Gen. Stat. § 42-110g(d).  Pursuant to Conn. Gen. Stat. § 42-110g(a), Blue Buffalo is further entitled to the entry of a preliminary and permanent injunction enjoining Nestlé Purina from falsely representing to the public that high-quality wholesome ingredients are the primary ingredients in certain of its pet food products, when in fact those ingredients constitute only a tiny portion of those products.

56.     In compliance with Conn. Gen. Stat. § 42-110g(c), a copy of this Complaint is being mailed to the Attorney General of the State of Connecticut and the Connecticut Commissioner of Consumer Protection on this date.

**Count Three: Violation of the Connecticut Unfair Trade Practices Act: Unfair, Immoral, Unethical, Oppressive, and Unscrupulous Behavior (Conn. Gen. Stat. § 42-110a *et seq.*)**

1-57.    Paragraphs 1 through 57 of the Complaint are hereby repeated and realleged as Paragraphs 1 through 57 of this Third Count as if fully set forth herein.

57.     The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

58.     By reason of the foregoing, Nestlé Purina's conduct has been unlawful or offended public policy as it has been established by statutes, including the Lanham Act, the common law, or otherwise in that it is within at least the penumbra of common-law, statutory, or another established concept of unfairness, and for that reason constitutes an unfair or deceptive act or practice.

59.     Nestlé Purina's conduct also has been fraudulent, immoral, unethical, oppressive, or unscrupulous.

60.     Nestlé Purina's conduct also has caused substantial injury to consumers, competitors, and/or other business persons or entities, including Blue Buffalo, and for that reason as well constitutes an unfair or deceptive act or practice. The substantial injury inflicted by the Nestlé Purina's conduct was and is not outweighed by any countervailing benefits to consumers or competition (because there is no such benefit), and reasonably could not have been and cannot be avoided by consumers, competitors, and/or other business persons or entities, including Blue Buffalo.

61.    Nestlé Purina's acts or practices alleged herein constitute unfair acts or practices in violation of Conn. Gen. Stat. § 42-110b.  Blue Buffalo has suffered, and will continue to suffer, an ascertainable loss of money or property as a result of Nestlé Purina's actions, and is entitled to recover actual damages pursuant to Conn. Gen. Stat. § 42-110g(a). Because Nestlé Purina has acted with a willful, reckless and/or wanton indifference to Blue Buffalo's rights, Nestlé Purina also is liable for punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a).  Blue Buffalo also is entitled to recover its costs and reasonable attorneys' fees incurred in prosecuting this action pursuant to Conn. Gen. Stat. § 42-110g(d).  Pursuant to Conn. Gen. Stat. § 42-110g(a), Blue Buffalo is further entitled to the entry of a preliminary and permanent injunction enjoining Nestlé Purina from falsely representing to the public that high-quality wholesome ingredients are the primary ingredients in certain of its pet food products, when in fact those ingredients constitute only a tiny portion of those products.

62.    In compliance with Conn. Gen. Stat. § 42-110g(c), a copy of this Complaint is being mailed to the Attorney General of the State of Connecticut and the Connecticut Commissioner of Consumer Protection on this date.

**Count Four:** **Violation of the Connecticut Unfair Sales Practices Act (Conn. Gen. Stat. § 42-115e)**

1-63.    Paragraphs 1 through 63 of the Complaint are hereby repeated and realleged as Paragraphs 1 through 63 of this Fourth Count as if fully set forth herein.

63.    The Connecticut Unfair Sales Practices Act, Conn. Gen. Stat. § 42-115e(a) states: "A person likely to be damaged by a deceptive trade practice of another may be granted an injunction enjoining such practice under the principles of equity and on terms that the court considers reasonable."

27

64.     Nestlé Purina's acts or practices, as alleged herein, constitute unfair or deceptive acts or trade practices.

65.     As alleged herein, Blue Buffalo has been damaged, and will continue to be damaged, as a result of Nestlé Purina's actions.

66.     Pursuant to Conn. Gen. Stat. § 42-115e, Blue Buffalo is entitled to the entry of a preliminary and permanent injunction enjoining Nestlé Purina from falsely representing to the public that high-quality wholesome ingredients are the primary ingredients in certain of its pet food products, when in fact those ingredients constitute only a tiny portion of those products.

67.     Because Nestlé Purina has willfully engaged in a deceptive trade practice, as alleged herein, Blue Buffalo is entitled to recover its costs and reasonable attorneys' fees pursuant to Conn. Gen. Stat. § 42-115e(b).

68.     Blue Buffalo seeks this relief in addition to remedies otherwise available for the same conduct under the common law or other statutes of this state under Conn. Gen. Stat. § 42-115e(c).

**Count Five:     Unfair Competition under Connecticut Common Law**

1-69.     Paragraphs 1 through 69 of the Complaint are hereby repeated and realleged as Paragraphs 1 through 69 of this Fifth Count as if fully set forth herein.

69.     In connection with its advertisements and packaging concerning, *inter alia*, its Beggin' Strips, Cat Chow Naturals, Fancy Feast, Beneful, Chef Michael's, Waggin' Train and Canyon Creek Ranch products, Nestlé Purina has made false and misleading descriptions or representations of fact. Nestlé Purina's statements are expressly false, impliedly false, or both.

28

70. Nestlé Purina's false and misleading statements have deceived, or have the tendency to deceive, a substantial portion of the intended audience, about matters that are material to purchasing decisions.

71. As alleged herein, a result of these false and misleading statements by Nestlé Purina, Blue Buffalo has been deprived of a commercial business advantage.

72. Nestlé Purina's false and misleading statements are made in commercial advertising and promotion in the State of Connecticut.

73. Blue Buffalo is likely to suffer, has suffered, and will continue to suffer damages and irreparable injuries as a result of Nestlé Purina's wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Blue Buffalo prays for judgment against Nestlé Purina as follows:

1. For preliminary and permanent injunctive relief prohibiting Nestlé Purina, their agents, or anyone working for, in concert or on behalf of Nestlé Purina, from engaging in false or misleading advertising with respect to Nestlé Purina's pet food products and/or otherwise violating Lanham Act § 43(a), including, but not limited to, enjoining them from conveying the false message to consumers that: (1) the main ingredients in certain Nestlé Purina pet foods are high quality, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients do not exist at all in the products or constitute only a tiny portion; (2) certain Nestlé Purina pet food products are comprised mainly of premium human quality ingredients, when in fact they are not; and (3) certain Nestlé Purina pet food products are healthy for dogs, when in fact those products are known by Nestlé Purina to cause sickness and death.

2. For an order requiring Nestlé Purina to correct the erroneous impressions consumers have derived concerning the nature, characteristics or qualities of Nestlé Purina's

29

pet food products, including, without limitation, the placement of corrective advertising and providing written notice to the public;

3.     That Nestlé Purina be adjudged to have violated 15 U.S.C. § 1115(a) by unfairly competing against Blue Buffalo by using false, deceptive or misleading advertising that misrepresents the nature, quality and characteristics of Nestlé Purina's pet food products;

4.     That Nestlé Purina be enjoined, pursuant to Conn. Gen. Stat. § 42-110g(a), from engaging in any acts that violate the Connecticut Unfair Trade Practices Act, including, but not limited to, the unfair and deceptive acts and practices alleged herein;

5.     That Nestlé Purina be enjoined, pursuant to Conn. Gen. Stat. § 42-115e from engaging in deceptive trade practices, including, but not limited to, the unfair and deceptive practices alleged herein;

6.     That Nestlé Purina be adjudged to have unfairly competed against Blue Buffalo by engaging in false or misleading advertising under the common law of the State of Connecticut;

7.     That Blue Buffalo be awarded damages it has sustained in consequence of Nestlé Purina's wrongful conduct, pursuant to, *inter alia*, Conn. Gen. Stat. § 42-110g(a);

8.     That Blue Buffalo be awarded punitive damages against Nestlé Purina pursuant to, *inter alia*, Conn. Gen. Stat. § 42-110g(a);

9.     That Blue Buffalo be awarded the profits obtained by Nestlé Purina as a consequence of Nestlé Purina's wrongful conduct;

10.     That such damages and profits be trebled and awarded to Blue Buffalo as a result of Nestlé Purina's willful, intentional and deliberate acts in violation of Lanham Act § 43(a);

11.    That Blue Buffalo recover its costs and reasonable attorneys' fees, pursuant to, *inter alia*, Conn. Gen. Stat. § 42-110g(d) and 42-115e(b);

12.    That all of Nestlé Purina's misleading and deceptive advertising and packaging be destroyed as allowed under 15 U.S.C. § 1118;

13.    That Nestlé Purina be required to serve upon Blue Buffalo, within thirty (30) days after service on Nestlé Purina of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Nestlé Purina has complied with the injunction;

14.    That Blue Buffalo be granted prejudgment and postjudgment interest; and

15.    That Blue Buffalo have such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Blue Buffalo hereby demands a trial by jury on all issues and claims so triable.

Dated at Hartford, CT this 15th day of October, 2014.

PLAINTIFF

BLUE BUFFALO COMPANY LTD.

By: _____

Robert M. Langer
WIGGIN AND DANA LLP
20 Church Street
Hartford, CT 06103
(860) 297-3700
(860) 525-9380 (fax)
rlanger@wiggin.com

A TRUE COPY
ATTEST:
JOHN T. FIORILLO
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

James I. Glasser
WIGGIN AND DANA LLP
One Century Tower
265 Church Street

31

P.O. Box 1832
New Haven, Connecticut 06508
Telephone: (203) 498-4400
Facsimile: (203) 782-2889
jglasser@wiggin.com
Juris No. 067700

Of counsel:

      Richard Maclean, Esq.
      Blue Buffalo Company Ltd.

A TRUE COPY
ATTEST

JOHN T. MORILLO
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

RETURN DATE:  December 9, 2014

-------------------------------------------------------

BLUE BUFFALO COMPANY LTD.,

                    Plaintiff,

v.

NESTLÉ PURINA PETCARE COMPANY,

                    Defendant.

-------------------------------------------------------

SUPERIOR COURT
JUDICIAL DISTRICT OF
STAMFORD/NORWALK
AT STAMFORD

October 15, 2014

## STATEMENT OF AMOUNT IN DEMAND

Plaintiff Blue Buffalo Company Ltd. claims damages in an amount in excess of ($15,000), exclusive of interests and costs.

Dated at Hartford, CT this 15th day of October, 2014.

PLAINTIFF

BLUE BUFFALO COMPANY LTD.

By:

    Robert M. Langer
WIGGIN AND DANA LLP
20 Church Street
Hartford, CT 06103
(860) 297-3700
(860) 525-9380 (fax)
rlanger@wiggin.com

A TRUE COPY
ATTEST:

JOHN T. FIORILLO
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

James I. Glasser
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, Connecticut 06508
Telephone: (203) 498-4400
Facsimile: (203) 782-2889
jglasser@wiggin.com
Juris No. 067700

33

Of counsel:

      Richard Maclean, Esq.
      Blue Buffalo Company Ltd.

88888888/2829/3148580.1

34

# Exhibit A

## Advertiser: Purina

**Ad:** Purina Beggin' Strips TV Spot, 'Beggin' Time'



[Sound of bag being opened.]



Dog's Voice: "Bacon? Gotta get that bacon!"



"Smokey bacon ..."



"... crispy bacon, tasty bacon!"



"Where is it? Where is the bacon?"



Newscaster: "Bacon popular – story at 11."



Dog's Voice: : "Yummy crunchy ..."



"... bacon, bacon, bacon ..."



"... there in that bag!"



Owner's Voice: "Who wants a Beggin' strip?"
Dog's Voice: "Me, I'd get it myself but I don't
have thumbs."



"Yum, yum, yum, it's Beggin'—mmmm, I love
you!"



*Voiceover: "Beggin' strips, made with real
bacon,"*



*"There is no time like Beggin' time!"*

# Exhibit B



# Exhibit C





www.beggin.com
CLOSE
HONESTY IN PET FOOD.
Follow
FIND BEGGIN'
HOME
SIGN UP
Beggin'
MENU
Strips
BACON & CHEESE FLAVORS
BACON FLAVOR
APPLEWOOD SMOKED FLAVOR
BACON & BEEF FLAVORS
IT'S THE STRIP THAT STARTED IT ALL. THE TREAT DOGS DON'T JUST LIKE, BUT LOVE. CRAVE. GO HOG WILD FOR THE ONE WITH THE POWER TO TRANSFORM TREAT TIME INTO BEGGIN' TIME™ ORIGINAL BEGGIN' STRIPS®. THEY SMELL LIKE SMOKY, SIZZLIN' BACON. TASTE LIKE SAVORY, MEATY BACON. HECK, THEY'RE EVEN MADE WITH REAL BACON. THAT'S WHY ALL IT TAKES IS ONE WHIFF FROM THAT BRIGHT YELLOW BAG TO BRING OUT THE HILARIOUS MOMENTS YOU AND YOUR DOG CAN'T WAIT TO SHARE.

# Exhibit D



# Exhibit E

**Advertiser:** Purina

**Ad:** Purina Cat Chow Naturals TV Spot, 'Coming Home'



Woman's voice: "When Jake & I first set out on our own,



... we ate anything.



But in time you realize,



...the better you eat,



... the better you feel.



These days ...



... we both eat smarter,



... and I give Jake Purina Cat Chow naturals.



Made with real chicken and salmon,



... it's high in protein



... like a cat's natural diet.



And no added artificial flavors.



We've come a long way!



And whatever's ahead,



... we'll be there for each other



– naturally.



Purina Cat Chow Naturals."

# Exhibit F



# Exhibit G



# Exhibit H

**Advertiser:** Purina

**Ad:** Purina Beneful TV Spot, 'Happy, Healthy Dog'



**Man:** "Ohhh, yes – you're excited."



[Dog barks.]



**Man:** "I know what you're thinking.



You're thinking Beneful."



**Voiceover:** "And why wouldn't he be?



Beneful has wholesome grains,



*... real beef,*



*... even accents of spinach, carrots and peas.*



*It has carbohydrates for energy,*



*... and protein for those serious muscles.*



*Even accents of vitamin-rich veggies."*



Man: "So happy. You love it so much, yes you do!



*[Dog barks.]*



**Man:** "But it's good for you, too."



*Voiceover: "Healthful, flavorful,*



*Beneful. From Purina."*

# Exhibit I



# Exhibit J





# Exhibit K







# Exhibit L

**Nestlé Purina *Pro Plan* Pet Foods Advertised as Containing Rice**

<u>Dog Foods</u>

Savor Adult Shredded Blend Beef & Rice Formula
Savor Adult Shredded Blend Chicken & Rice Formula
Savor Adult Shredded Blend Lamb & Rice Formula
Savor Adult Shredded Blend Salmon & Rice Formula
Savor Adult Shredded Blend Small Breed Chicken & Rice for Adult Dogs Under 20 Pounds
Savor Adult Shredded Blend Tuna & Rice Formula
Savor Adult 7+ Shredded Blend Chicken & Rice Formula
Savor Puppy Shredded Blend Chicken & Rice Formula
Sport All Life Stages Performance 30/20 Salmon & Rice Formula
Focus Adult 7+ Chicken & Rice Formula
Focus Puppy Chicken & Rice Formula
Focus Puppy Lamb & Rice Formula
Focus Puppy Toy Breed Chicken & Rice Formula
Focus All Life Stages Small Bites Lamb & Rice Formula

<u>Cat Foods</u>

Savor Adult Chicken & Rice Formula
Savor Adult Salmon & Rice Formula
Savor Adult Tuna and Rice Formula
Focus Adult Weight Management Chicken & Rice Formula
Focus Adult Sensitive Skin and Stomach Herring and Rice Formula
Focus Adult Sensitive Skin and Stomach Lamb & Rice Formula
Focus Adult Hairball Management Chicken & Rice Formula
Focus Adult Indoor Care Salmon & Rice Formula
Focus Adult Indoor Care Turkey & Rice Formula
Focus Adult 11+ Indoor Care Turkey and Rice Formula
Focus Adult 11+ Chicken and Rice Formula
Focus Kitten Chicken & Rice Formula
Finesse Adult Protein+ Trout & Rice Formula
Finesse Adult Protein+ Turkey & Rice Formula













# Exhibit M





# Exhibit N



**HONESTY IN PET FOOD.**

Purina believes that honesty is the most important ingredient in the relationship between pet owners and pet food manufacturers. Please visit www.petfoodhonesty.com to learn more about actions we are taking to stop false advertising aimed at pet owners. **Click Here to Learn More**



