# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| BLUE BUFFALO COMPANY LTD., | ) | **Case No. 14 Civ. 1665 (JCH)** |
|  | ) |  |
| Plaintiff, | ) | **FIRST AMENDED COMPLAINT** |
|  | ) |  |
| v. | ) | **(Jury Trial Demanded)** |
|  | ) |  |
| NESTLÉ PURINA PETCARE COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

_____)

Plaintiff Blue Buffalo Company Ltd. ("Blue Buffalo" or "Plaintiff"), for its First Amended Complaint against Defendant Nestlé Purina PetCare Company ("Nestlé Purina" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.      Pet food manufacturer Blue Buffalo brings this action to stop and recover damages for a multi-brand, nationwide false and deceptive advertising campaign by its competitor Nestlé Purina that deliberately misleads consumers about the nature, characteristics and qualities of the ingredients in Nestlé Purina's pet food products.  Through its television commercials, print advertising, websites and packaging, Nestlé Purina falsely claims among other things:  (1) that high-quality, wholesome ingredients—like salmon, shrimp, filet mignon, sirloin steak, bacon, beef and rice—are the main ingredients in certain of Nestlé Purina's most popular pet food products, when in fact those ingredients either do not exist at all in the products or constitute only a tiny portion; (2) that certain Nestlé Purina pet food products are made with premium, human quality ingredients, when in fact they are not; (3) that Nestlé Purina's *Just Right* dog food is "personalized" so that each dog receives a "unique blend" tailored to that dog's individual nutritional needs, when in fact they do not;

and (4) that certain Nestlé Purina pet food products are healthy for pets, when in fact Nestlé Purina knew that those products caused sickness and death.  By means of this and other false and misleading advertising, Nestlé Purina has been able to position its products as high-quality, wholesome pet foods, thereby deceiving consumers and diverting sales from Blue Buffalo.

2.    Nestlé Purina is a subsidiary of Nestlé S.A., which is the world's largest food company with over $100 billion in annual sales and more than $220 billion in market capitalization.  Nestlé Purina is the largest pet food company in the United States, with a 33% market share.  The formulations of Nestlé Purina's pet food products rely heavily on the inclusion of lower quality, cheaper ingredients such as meat and bone meal, by-product meal from poultry or chicken, corn and corn derivatives such as corn gluten meal as cheap animal protein substitutes, fractionated grains, and cheap fillers such as brewers rice.  In addition, many of Nestlé Purina's pet food products contain numerous artificial color additives, and artificial preservatives.

3.    Blue Buffalo was launched in the United States just over a decade ago to provide consumers with a different choice.  Blue Buffalo understands that concerned pet owners, when they are given an informed choice, will choose to feed their dogs and cats premium foods made from high quality ingredients like real meat, whole grains, fruits and vegetables, and will avoid feeding their pets foods with cheaper, lower quality ingredients.

4.    Blue Buffalo is now the fastest-growing major pet food company in the United States, and has taken a leading position in the growing wholesome, natural-foods segment of the market.  In recent years, consumers have turned to Blue Buffalo's products and away from

the engineered, lower quality products manufactured by Nestlé Purina and other major companies that historically have dominated the market.

5.      Rather than investing the time and money necessary to actually make high-quality, wholesome pet foods of its own, Nestlé Purina has taken the shortcut of simply and deceptively marketing and advertising its products as being premium quality, communicating that they are made with substantial amounts of high quality or human grade ingredients, when, in truth and in fact, they are not.

6.      In addition, Nestlé Purina has recently launched a new brand of dog food called *Just Right*, the ingredients of which Nestlé Purina falsely claims are "personalized" to match each dog's "unique" nutritional needs, when, in truth and in fact, *Just Right* consists of only a limited set of basic ingredient formulas, each of which is substantially similar to the others.  Through its false and misleading *Just Right* advertising, Nestlé Purina deceives dog owners into thinking they are purchasing a dog food that is "unique" to their dog, when in fact their dog is getting the same ingredient formula as countless other dogs.

7.      Nestlé Purina has further deceived consumers and harmed competitors by marketing and advertising certain pet treats as "natural," "wholesome" and "healthy" for dogs, when Nestlé Purina knew that those treats caused serious illness and death in dogs. Nestlé Purina not only failed to disclose the truth about these products, but it falsely claimed that these products were "healthy" when this was untrue and known by Nestle Purina to be untrue.

8.      As a consequence of its nationwide and multi-brand course of deception, Nestlé Purina has induced consumers to purchase its pet food products—and diverted sales from Blue Buffalo—by falsely advertising and creating the false impression that Nestlé

Purina's products consist primarily of high quality, human grade, wholesome, personalized ingredients, when in truth and fact those products consist primarily of low quality, undesirable, mass-produced ingredients.

9.      By this action, Blue Buffalo seeks damages, injunctive relief, corrective advertising and disgorgement of Nestlé Purina's profits occasioned by Nestlé Purina's false and deceptive advertising, which unjustly benefits Nestlé Purina to the detriment of consumers and Blue Buffalo.

## THE PARTIES

10.     Plaintiff Blue Buffalo is a Delaware corporation with headquarters at 11 River Road, Wilton, Connecticut.  Blue Buffalo is in the business of developing, marketing and selling high-quality wholesome pet food, treats and related products in Connecticut and throughout the United States and Canada.

11.     Defendant Nestlé Purina is a Missouri corporation with headquarters at 901 Chouteau Avenue, St. Louis, Missouri.  Nestlé Purina makes and sells pet food, treats and related products in Connecticut, throughout the United States, and worldwide.

## JURISDICTION AND VENUE

12.     This is an action seeking damages and injunctive relief for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for unfair or deceptive acts or practices under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a), and for unfair competition under the common law of the state of Connecticut.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

13.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14.     This Court has personal jurisdiction over Defendant Nestlé Purina because its wrongful conduct occurred in this State and in this District.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

**A.     Blue Buffalo and the Premium Pet Food Market**

16.     Blue Buffalo was founded in 2002 by Bill Bishop and his two sons.  When their family dog was diagnosed with cancer, the Bishops began researching pet food ingredients and were disturbed to learn that most well-known brands were made primarily from low cost ingredients like by-products, corn, corn gluten meal (the dried residue from corn after the removal of the larger part of the starch and germ, and the separation of the bran), as well as artificial flavors and colors.  Blue Buffalo developed and brought to market foods made with the high-quality, wholesome ingredients that many owners desired for their pets, including substantial quantities of real meat, with whole grains, fruits and vegetables.

17.     Nestlé Purina takes a very different approach to pet food.  Its products typically use lower-quality, lower-cost ingredients, and the principal ingredients are often "by-products" from chicken or other poultry, corn and its derivatives, and cheap fillers that are of limited or no nutritional value, such as brewers rice.  Its products also usually contain wheat and soy proteins, and artificial colors, flavors, and preservatives (including BHA and propylene glycol, which has been banned by the FDA for use in cat foods but is still permitted in dog foods).

**B.    Nestlé Purina's False and Misleading Advertising Campaign**

18.    In apparent recognition of the competitive threat posed by the premium pet food market, and the success of Blue Buffalo and other high-quality pet food manufacturers, Nestlé Purina has attempted to compete for the same consumers.  But instead of investing the time and money necessary to manufacture high-quality, wholesome pet foods with premium quality ingredients, Nestlé Purina has chosen instead to continue making its products primarily with low-cost, low quality ingredients, while at the same time misleading consumers as to the quality of those products and the ingredients they use by means of its false advertising campaign.

19.    Specifically, Nestlé Purina is falsely communicating to consumers that:  (1) the main ingredients in certain Nestlé Purina pet foods are high quality, wholesome ingredients— such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients do not exist at all in the products or constitute only a tiny portion; (2) certain Nestlé Purina pet food products are comprised mainly of premium human quality ingredients, when in fact they are not; (3) Nestlé Purina's *Just Right* dog food is "personalized" so that each dog receives a "unique blend" tailored to that dog's individual nutritional needs, when in fact they do not; and (4) certain Nestlé Purina pet food products are healthy for dogs, when in fact those products are known by Nestlé Purina to cause sickness and death.

**Nestlé Purina's Beggin' Strips**

20.    One prominent example of this consumer deception is the advertising for Nestlé Purina's **Beggin' Strips**, a leading brand of dog snacks.  Nestlé Purina's television commercials for **Beggin' Strips** claim that the product is bacon and that its main ingredient is bacon.  That is undeniably false.  The real main ingredients of **Beggin' Strips** are such non-bacon, non-meat fillers as ground wheat, corn gluten meal, wheat flour, ground yellow corn,

water, sugar, glycerin, soybean meal and hydrogenated starch hydrolysate.  In fact, bacon is listed *tenth* on the ingredient list, and thus makes up only a tiny fraction of this processed product.

21.     Nestlé Purina's television commercials for **Beggin' Strips** conceal that truth from consumers and, instead, falsely masquerade the product as bacon.  A true and correct copy of one **Beggin' Strips** television advertisement is located at http://www.ispot.tv/ad/7IFX/purina-beggin-strips-beggin-time, and a storyboard of the advertisement is attached as "Exhibit A."  The advertisement includes these and many other false and misleading screenshots:



The commercial shows a thought bubble with a picture of bacon appearing over a dog's head when a bag of the treats is opened.  The dog jumps to its feet as a voiceover intended to be the dog's inner voice says "Bacon!"  The dog runs around the house looking for the bacon, while the dog's "voiceover" repeats the word "bacon" over and over again.  The dog's mission is to find "the bacon."  As the dog checks a pan on the stove to find it empty and turns to find the owner with the bag of **Beggin' Strips**, the voiceover says: "yummy, crunchy bacon, bacon, bacon!  There in that bag."  The word bacon is repeated 10 times.  It is referenced throughout the commercial, including when a child's blocks spin around to spell "BACON" as the dog rushes by (as shown above), and when a newscaster on television talks about the popularity of

bacon. Even the name of the product, **Beggin'**, is pronounced like "bacon." When the pet owner in the commercial asks the dog: "Who wants a Beggin' Strip?"—it sounds as if she is saying "Who wants a bacon strip?" When the dog proclaims, after eating the treat, "It's Beggin'!", it sounds like "It's bacon!" And the treats themselves, as shown in the advertisement, are made to look exactly like strips of bacon.

22.     The television advertisement is false. **Beggin' Strips** are not bacon. Nor, as alleged above, is bacon the principal or even a significant ingredient. Furthermore, to the extent there purportedly is some small amount of something in the product labelled as "bacon," it is unclear what (if any) meat product or other ingredients were used, and by what process the ingredient is made to be identified as "bacon."

23.     The **Beggin' Strips** packaging contains and reinforces the same false and misleading claim. Attached as "Exhibit B" is a true and correct copy of the front of the **Beggin' Strips** packaging. The front of the packaging is also reproduced below:



The front of each package prominently proclaims that the product is "made with real bacon!" And the packaging includes an illustration of bacon frying in a pan, just like real bacon.

24.     This false and misleading message is further emphasized by Nestlé Purina's **Beggin' Strips** website (www.beggin.com), which proclaims: "ORIGINAL BEGGIN' STRIPS®. THEY SMELL LIKE SMOKY, SIZZLIN' BACON.  TASTE LIKE SAVORY, MEATY BACON.  HECK THEY'RE EVEN MADE WITH REAL BACON!"  Attached as "Exhibit C" are true and correct copies of pages from Nestlé Purina's website advertising its **Beggin' Strips** product.  And within the website, Nestlé Purina encourages users to share information concerning the **Beggin'** line of products on social media and displays posts from consumers using links entitled "More Bacon" reinforcing at literally every turn the intended consumer misperception that the product is made in substantial part from real bacon.

25.     Consumers reasonably expect that when the manufacturer of a dog treat highlights real beef, turkey, duck, chicken or bacon in the advertisements for the treat—as in the case of the **Beggin'** products—that the highlighted meat will be a primary ingredient of the treat.

### Nestlé Purina's *Cat Chow Naturals*

26.     Another example of Nestle Purina's consumer deception is the packaging claims and advertising for its *Cat Chow Naturals*, a dry cat food product.  Attached as "Exhibit D" is a true and correct copy of the front of the *Cat Chow Naturals* packaging.  The relevant portion of the front of the packaging is also reproduced below:

9



Beneath the name of the product, the packaging prominently features a kitchen cutting board with a large cut of salmon filet, conveying the clear message that salmon is one of the main ingredients of the food.  But, in truth and in fact, the main ingredients of *Cat Chow Naturals* are (in order):  chicken meal, corn gluten meal, soybean meal, brewers rice, animal fat preserved with mixed-tocopherols, and corn meal.  Salmon appears only *eighth* in the ingredient list, and thus represents only a tiny portion of the actual product.

27.     The actual main ingredients of *Cat Chow Naturals* (chicken meal, corn gluten meal, soybean meal, etc.) are substantially cheaper than salmon.  Therefore, by using those cheaper ingredients as the main ingredients, Nestlé Purina is saving significantly in its ingredient costs, while charging a premium price to consumers by misleading the consumers to believe that they are purchasing a product made primarily with more expensive premium ingredients like salmon.

28.     The false and misleading message of the packaging is further reinforced by the brand's television advertisements.  One such ad (entitled "Coming Home") draws a direct

comparison between the pet owner's diet and the cat's diet.  A true and correct copy of the *Cat Chow Naturals* television advertisement is located at http://www.ispot.tv/ad/ 7feI/purina-cat-chow-naturals-coming-home, and a storyboard of the advertisement is attached as "Exhibit E."  The advertisement includes this screenshot:



The advertisement claims that both the owner and the cat have started eating healthier, with a voiceover stating "in time you realize:  the better you eat, the better you feel," and "these days we both eat smarter."  The advertisement shows the pet owner taking a large filet of salmon out of the refrigerator just before feeding her cat with *Cat Chow Naturals*, while a voiceover states that *Cat Chow Naturals* is "made with real chicken and salmon."  The advertisement conveys the false message that salmon is one of the main ingredients in *Cat Chow Naturals*, when, as stated above, it is not.

**Nestlé Purina's *Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp***

29.    The packaging for Nestlé Purina's ***Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp*** is yet another stark example of Nestle Purina's false and misleading advertisement practices.  Attached as "Exhibit F" is a true and correct copy of the

front of the packaging for *Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp*.

The front of the packaging is also reproduced below:



Nestlé Purina advertises the "Fancy Feast" brand as its "Gourmet" line.  The front of the
packaging describes the product as "Gourmet Cat Food," and the Fancy Feast website
(www.fancyfeast.com) describes the product as "FANCY FEAST GOURMET CAT FOOD."
Exploiting that theme, the packaging prominently describes the product as "Filet Mignon
Flavor with Real Seafood and Shrimp."  A gold seal with a picture of a heart in the middle
and the words "100% Complete & Balanced Nutrition" circling the heart, further reinforces
the false message that the product consists predominantly—if not entirely—of high-quality,
wholesome ingredients.  The Fancy Feast website likewise promotes the product as "FILET
MIGNON FLAVOR WITH REAL SEAFOOD AND SHRIMP."  Attached as "Exhibit G" are
true and correct copies of pages from the Fancy Feast website.

30.    The repeated and prominent references to "Filet Mignon"—in both the product's name and its advertising—are false and misleading given that the product contains **no beef whatsoever**, much less any cut of meat that could be described as "filet mignon." Widely considered by consumers to be the most tender cut of beef, and thus the most desirable for humans, and one of the most expensive, filet mignon is wholly absent from **Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp**.  Instead, the main ingredients are brewers rice, corn gluten meal, beef tallow (*i.e.,* fat), and poultry by-product meal (which consists of "the ground, rendered, clean parts of the carcass of slaughtered poultry, such as necks, feet, undeveloped eggs, and intestines.")  Instead of filet mignon, or any real beef, the product contains a miniscule amount of "filet mignon flavor" as the **seventeenth** ingredient.  And contrary to the false message that "real seafood and shrimp" are primary or significant ingredients, fish and shrimp are ingredients **eight** and **nine**, and thus represent a small portion of the product.

31.    The effect of these devices is that **Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp** is a cheap product made with inferior ingredients that Nestle Purina, through deceptive advertising and gimmickry, is palming off as a premium "gourmet" product.

### Nestlé Purina's *Beneful* Dog Foods

32.    Nestlé Purina uses the same type of false and misleading packaging and television advertisements gimmickry for its **Beneful** line of dog foods.  The television advertisements for the **Beneful** line typically feature a cascade of apparently human-grade meats, vegetables and grains falling through the air, conveying the false message that the dog food is comprised primarily of high-quality wholesome ingredients.  A true and correct copy

of a representative **Beneful** television advertisement is located at

http://www.ispot.tv/ad/7RV7/ purina-beneful-happy-healthy-dog, and a storyboard of the

advertisement is attached as "Exhibit H."  A screenshot from the advertisement is reproduced

below:



33.    Further reinforcing this false and deceptive message, the packaging for

**Beneful** products typically features colorful pictures of chunks of whole meat, whole

vegetables and grains scattered across the white background of the package, and claims that

the foods are made with "real" ingredients.  For example, the "Original With Real Beef"

variety of **Beneful** dry dog food features photos of chunks of human-grade looking beef, an

ear of corn, a shaft of wheat, peas, carrots, and spinach leaves scattered against a white

background.  Attached as "Exhibit I" is a true and correct copy of the front of the **Beneful**

"Original With Real Beef" packaging.  The front of the packaging is also reproduced below:



An orange ribbon directly underneath the name of the brand prominently displays the words "With Real Beef" in white lettering.  Although the packaging conveys that "Real Beef" is the primary ingredient in the product, the main ingredients of Nestlé Purina's **Beneful** "Original With Real Beef" dog food are actually (in order):  ground yellow corn, chicken by-product meal, corn gluten meal, whole wheat flour, animal fat preserved with mixed-tocopherols, and rice flour.  In truth and in fact, beef is ingredient number *seven*, and thus represents a very small portion of the product.

      34.     Similarly, the packaging for the "Healthy Fiesta" variety of **Beneful** dog food prominently features a picture of an avocado, along with the photos of cubes of whole chicken

meat, wheat, carrots and corn, and claims to be made "With Real Chicken and Wholesome

Grains, Accented with Vitamin-Rich Vegetables and Avocado."  In truth and in fact, chicken

is the *sixth* ingredient and avocado is the *twentieth*.  Contrary to the false and misleading

packaging, the main ingredients of Nestlé Purina's "Healthy Fiesta" variety of *Beneful* dog

food are actually (in order):  ground yellow corn, chicken by-product meal, corn gluten meal,

whole wheat flour, and animal fat preserved with mixed-tocopherols.  Attached as "Exhibit J"

are true and correct copies of the front of two variants of *Beneful* "Healthy Fiesta" packaging.

### Nestlé Purina's *ONE SMARTBLEND* Brand of Dog Food and *Pro Plan* Brand of Dog and Cat Food

35.    The advertising and packaging for Nestlé Purina's *ONE SMARTBLEND*

brand of dog food and *Pro Plan* brand of dog and cat food are likewise false and misleading.

Attached as "Exhibit K" are true and correct copies of the front of the packaging for Nestlé

Purina's *ONE SMARTBLEND* "Lamb and Rice Formula," "Chicken and Rice Formula" and

"Small Bites Beef and Rice Formula" dog foods.  Attached as "Exhibit L" is a list of Nestlé

Purina *Pro Plan* dog foods and cat foods that are advertised as containing rice, and true and

correct copies of representative examples of the front of the packaging for those products.

Reproduced below are representative examples of the front of the packaging of the *ONE

SMARTBLEND* products attached as Exhibit K, and the front of the packaging of the *Pro

Plan* products attached as Exhibit L:

16







36.     Each of these products is prominently advertised as containing "Rice", including in the actual name of the formula.  For example, Nestlé Purina's ***ONE SMARTBLEND*** dog food claims to be a "smart" (*i.e.,* healthy and nutritious) "blend" of protein (lamb, chicken or beef) ***and rice*** (emphasis added).  Similarly, the ***Pro Plan*** dog and cat food products claim to be a combination of protein (*e.g.,* lamb, beef, chicken or duck) ***and rice*** (emphasis added).  Upon information and belief, Nestlé Purina prominently advertises its ***ONE SMARTBLEND*** and ***Pro Plan*** pet food products as containing rice not because dogs and cats crave the taste of rice, but because pet owners understand rice to be a rich source of fiber and other nutrients, drawing on an analogy from human dietary practices.

37.     The repeated and prominent references to rice in the advertising of these ***ONE SMARTBLEND*** and ***Pro Plan*** pet food products are false and misleading.  In fact, these products do not contain any actual rice, as that term would be understood by a typical consumer.  Instead, these products are made with "brewers rice," which is part of the fractionated debris left over from whole rice that has been milled, and the saleable rice has been separated.  It is the dross that remains otherwise unusable in the production of white rice from whole grain rice.  Brewers rice does not contain many of the nutritional benefits of whole grain rice or even the lower nutritional benefits of white rice sold for human consumption.  Brewers rice therefore is used primarily as cheap filler in animal feeds.  By prominently advertising its ***ONE SMARTBLEND*** and ***Pro Plan*** pet food products as containing actual rice, Nestlé Purina conveys the false message that those products are made with a healthy and nutritious grain, when in fact those products are made with brewers rice, a filler with little or no nutritional value.

18

38.    Nestlé Purina makes extensive use of brewers rice as cheap filler across its many products, including in its recently launched *Beyond* brand of dog and cat foods.  The *Beyond* products are marketed as Nestle Purina's most premium priced line of products, and are positioned to compete directly with wholesome, natural pet food brands such as Blue Buffalo.  Moreover, in an apparent recognition of the unappealing nature of the true ingredient, Nestlé Purina does not even mention "rice", much less "brewers rice", for the description of its *Beyond* "Simply 9" dry dog formulas.   Instead, these products are described on the package front as made with "whole barley".  But as reflected in the product's ingredient panel, there is substantially more brewers rice filler in these products than barley.

39.    Because brewers rice is essentially a by-product discarded from the production of human grade rice, it is substantially cheaper than white or whole grain rice.  Therefore, by using brewers rice, Nestlé Purina is saving significantly in its ingredient costs, while charging a premium price to consumers by misleading the consumers to believe that they are purchasing products made with more expensive rice and other premium ingredients.

### Nestlé Purina's *Chef Mi*chael's Brand of Dog Food

40.    The advertising and packaging for Nestlé Purina's **Chef Michael's** brand of dog food also is false and deceptive.  Attached as "Exhibit M" are true and correct copies of the front of the **Chef Michael's** "Oven Roasted Chicken Flavor" and "Grilled Sirloin Steak Flavor" packaging.  Attached as "Exhibit N" are true and correct copies of pages from the **Chef Michael's** website.  The front of the packaging is also reproduced below:




The packaging for **Chef Michael's** dog food prominently features photos of pieces of raw "Real Chicken" or "Real Beef," and reinforces the message of the quality and content of these ingredients with the product names, "Oven Roasted Chicken" and "Grilled Sirloin Steak." Moreover, as illustrated below, the packaging juxtaposes and equates the images of chunks of "Real Chicken" and "Real Beef" with the so-called "Tender Pieces," conveying the false message that the "Tender Pieces" are whole pieces of the chicken or beef pictured.





41.     In truth and in fact, these "meaty" "Tender Pieces" are not pure chunks of beef or chicken.  Nor are they "grilled sirloin steak" or "oven roasted chicken," as deceptively referenced in the products' names.  Contrary to these false and misleading claims, the "Tender Pieces" include soy products and other cheaper ingredients, any meat components of these pieces are NOT the whole pieces of premium meat cuts pictured in the advertisements and packaging.

42.     The false and deceptive message that the product is made from chunks of premium meat in the form of the "Tender Pieces" is reinforced by the tag line prominently featured on the product's website (www.chef-michaels.com)—"It's not <u>just</u> dog food.  <u>It's Chef Michael's</u>"—which falsely suggests that the product consists of high-quality, human-grade beef and chicken as you would expect to be prepared by a "Chef" rather than soy and other cheaper ingredients.

### Nestlé Purina's *Just Right* Brand of Dog Food

43.     Nestlé Purina also recently launched a new brand of dog food called ***Just Right***, the advertising of which is centered on the false and deceptive claim that Nestlé Purina will create and deliver a "unique blend" of ingredients to support each individual dog's "unique nutritional needs."

44.     The ***Just Right*** brand of dog food is available exclusively at Nestlé Purina's JustRightPetFood.com website.  Attached as "Exhibit O" are true and correct copies of Nestlé Purina's press release announcing the launch of its ***Just Right*** dog food, screenshots from the product's website, and examples of Internet advertisements for ***Just Right*** dog food. Examples of those website screenshots are reproduced below:





45.    On its JustRightPetFood.com website, Nestlé Purina falsely claims to offer "Food as unique as your dog," "Personalized nutrition for your dog," "Unique Blends," "Tailored Nutrition" and "a personalized blend to match your dog's nutritional needs."  In its advertising for the product, Nestlé Purina also asserts that "we believe the best nutrition is

22

personalized," which falsely communicates to consumers that ***Just Right*** is not only personalized, but superior to other dog foods.  Based on its false claims of personalization and nutritional superiority, Nestlé Purina sells its ***Just Right*** dog food at a significant price premium relative to other comparable dog foods.

46.    Nestlé Purina reinforces the deception that its ***Just Right*** dog food is personalized for each dog by requiring dog owners to fill out a "pet profile" for his or her dog in which the owner must identify the dog's breed, age, weight, level of activity, coat quality and stool consistency (among other qualities).  After answering all of the pet profile questions, the dog owner is presented with "Your Blend," which further contributes to the false message that the ingredient blend is personalized and unique to that specific owner's dog.

47.    In truth and in fact, Nestlé Purina's ***Just Right*** dog food is not personalized for, or unique to, each dog.  To the contrary, Nestlé Purina's ***Just Right*** dog food consists of only a limited set of basic ingredient formulas, each of which is substantially similar to the others, with variation only on the "protein preference" (lamb, chicken or salmon) and whether to exclude soy/grains from the formula.

48.    This means that dogs that are different in almost every conceivable respect end up with the exact same "personalized" and "unique" ingredient formula.  For example, a six-month-old Chihuahua, weighing only 5 pounds, who is "less active," eats "begrudgingly," is "slow and cautious" when getting to his feet, has a dull coat, dry skin and "loose" stool consistency ends up with the <u>exact same</u> ingredient formula and recommended protein as a nine-year-old Mastiff, weighing 150 pounds, who is "semi-active," eats "eagerly and instantly," is "quick and exuberant" getting to his feet," has a glossy coat, skin that is "almost

never" dry and "solid" stool consistency.  In each instance, as a result of Nestlé Purina's false and misleading statements, the dog owner thinks he or she is getting a dog food that is "unique" and "personalized" to his or her dog, when in fact the dog is getting the exact same ingredient blend as countless other dogs of all shapes, sizes and characteristics.

### Nestlé Purina's Waggin' Train and *Canyon Creek Ranch* Jerky Treats

49.    Nestlé Purina has also intentionally misled consumers by means of false and deceptive representations that its defective chicken and duck jerky dog treats—marketed under the **Waggin' Train** and *Canyon Creek Ranch* brand names—were wholesome and suitable for consumption by dogs at times when, in fact, those products were known by Nestlé Purina to cause sickness and death in dogs.  Nestlé Purina promoted the jerky dog treats as being "natural," "wholesome," "healthy" and made from "only the most simple and pure ingredients."  In doing so, Nestlé Purina failed to disclose the material facts that the jerky treats: (i) had proven poisonous to dogs, and were implicated in the illness and/or deaths of hundreds of pets, (ii) were manufactured and processed in Chinese facilities that were not subject to the same oversight as their counterparts in the United States, and (iii) had been exposed to, or included, harmful ingredients, including illegal antibiotics, diseased bird parts, and/or other toxic ingredients.  Instead, Nestlé Purina callously disregarded thousands of consumer complaints and multiple warnings from the United States Food and Drug Administration about the safety of these products, and instead continued to issue public statements falsely claiming that the treats were manufactured under "the highest quality and safety standards" and were not responsible for any illness.  Nestle Purina maintained this stonewall of false publicity behind these products right up until withdrawing the jerky treats

24

from the market in early 2013, long after many pet owners had already purchased and fed the treats to their dogs, causing them to become ill or die.

## INJURY TO BLUE BUFFALO AND THE PUBLIC

50.     Nestlé Purina's false and misleading advertising campaign is damaging to Blue Buffalo and to the public.  These false and misleading representations are designed to entice consumers to purchase Nestlé Purina's pet food products over Blue Buffalo's pet food products.  Specifically, Nestlé Purina's false and misleading representations regarding the main ingredients of its products convey the false message that its products are made primarily of high-quality, wholesome ingredients, when in fact those Nestlé Purina products consist primarily of inferior, lower-cost ingredients.

51.     Because the cost to produce Nestlé Purina's pet food products containing economically inferior components is far less than the cost to produce high-quality pet food products, Nestlé Purina's false and misleading advertising campaign has allowed it to reap a substantial profit.  At the same time, through its false and deceptive advertising, Nestlé Purina's induces consumers who would otherwise buy Blue Buffalo's genuinely premium products to instead buy Nestle Purina's cheap substitutes.

52.     The natural, probable and foreseeable result of Nestlé Purina's wrongful conduct has been to cause confusion, deception and mistake in the pet food market.

53.     Nestlé Purina's wrongful conduct has resulted in increased sales of Nestlé Purina's own pet food products while reducing the sales of Blue Buffalo's pet food products. Blue Buffalo has sustained and will sustain damages as a result of Nestlé Purina's wrongful conduct.

## FIRST CLAIM FOR RELIEF
### (False Advertising under the Lanham Act)

54.     Paragraphs 1 through 53 of the Complaint are hereby repeated and realleged as if fully set forth herein.

55.     By creating and disseminating the false and deceptive advertising campaign described herein, Nestlé Purina has falsely represented to the public that (1) the main ingredients in certain Nestlé Purina pet foods are high quality, costly, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients comprise only a tiny portion, if any, of the foods' formulas; (2) certain Nestlé Purina pet food products are composed mainly of premium human quality ingredients, when in fact they are not; (3) Nestlé Purina's *Just Right* dog food is "personalized" so that each dog receives a "unique blend" tailored to that dog's individual nutritional needs, when in fact they do not; and (4) certain Nestlé Purina pet food products are healthy, safe and nutritious for dogs, when in fact those products posed a known and substantial risk of injury and death to pets who ate them.

56.     As a result, members of the public will be and, in fact, have already been deceived, misled and/or confused into believing that (1) the main ingredients in certain Nestlé Purina pet foods are high quality, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients comprise only a tiny portion, if any, of the foods' formulas; (2) certain Nestlé Purina pet food products are composed mainly of premium human quality ingredients, when in fact they are not; (3) Nestlé Purina's *Just Right* dog food is "personalized" so that each dog receives a "unique blend" tailored to that dog's individual nutritional needs, when in fact they do not; and (4) certain

Nestlé Purina pet food products are healthy, safe and nutritious for dogs, when in fact those products posed a known and substantial risk of injury and death to pets who ate them.

57.     Nestlé Purina's false and misleading statements have deceived, or have the tendency to deceive, a substantial portion of the intended audience about matters that are material to purchasing decisions.

58.     By reason of the foregoing, Nestlé Purina's false and misleading statements are made in commercial advertising and promotion in interstate commerce and violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Blue Buffalo has suffered, is likely to suffer, and will continue to suffer actual damages and diverted sales in an amount to be proven at trial and irreparable injuries as a proximate result of Nestlé Purina's wrongful acts.

60.     Pursuant to 15 U.S.C. § 1117(a), Blue Buffalo is further entitled to the disgorgement of Nestlé Purina's profits from their unlawful conduct, costs, and attorneys' fees.

61.     Pursuant to 15 U.S.C. § 1116, Blue Buffalo is also entitled to the entry of a preliminary and permanent injunction enjoining Nestlé Purina from falsely representing to the public that high-quality wholesome ingredients are the primary ingredients in its pet food products, when in fact those ingredients constitute only a tiny portion of those products.

<u>SECOND CLAIM FOR RELIEF</u>
**(Unfair or Deceptive Acts or Practices
Under the Connecticut Unfair Trade Practices Act)**

62.     Paragraphs 1 through 61 of the Complaint are hereby repeated and realleged as if fully set forth herein.

63.     The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a) provides:  "No person shall engage in unfair methods of competition and unfair or deceptive

acts or practices in the conduct of any trade or commerce."

64.    By creating and disseminating the false and deceptive advertising campaign described herein, Nestlé Purina has falsely represented to the public that (1) the main ingredients in certain Nestlé Purina pet foods are high quality, costly, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients comprise only a tiny portion, if any, of the foods' formulas; (2) certain Nestlé Purina pet food products are composed mainly of premium human quality ingredients, when in fact they are not; (3) Nestlé Purina's *Just Right* dog food is "personalized" so that each dog receives a "unique blend" tailored to that dog's individual nutritional needs, when in fact they do not; and (4) certain Nestlé Purina pet food products are healthy, safe and nutritious for dogs, when in fact those products posed a known and substantial risk of injury and death to pets who ate them.

65.    As a result, members of the public will be and, in fact, have already been deceived, misled and/or confused into believing that (1) the main ingredients in certain Nestlé Purina pet foods are high quality, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients comprise only a tiny portion, if any, of the foods' formulas; (2) certain Nestlé Purina pet food products are composed mainly of premium human quality ingredients, when in fact they are not; (3) Nestlé Purina's *Just Right* dog food is "personalized" so that each dog receives a "unique blend" tailored to that dog's individual nutritional needs, when in fact they do not; and (4) certain Nestlé Purina pet food products are healthy, safe and nutritious for dogs, when in fact those products posed a known and substantial risk of injury and death to pets who ate them.

66.    Nestlé Purina's conduct is likely to mislead consumers, who are acting

28

reasonably when viewing Nestlé Purina's advertisements, and is likely to affect consumers'
decisions or conduct.  For these reasons, Nestlé Purina's conduct constitutes a deceptive act or
practice.

67.    As a consequence of its nationwide and multi-brand course of deception,
Nestlé Purina has induced consumers to purchase its pet food products—and diverted sales
from Blue Buffalo—by falsely advertising and creating the false impression that Nestlé
Purina's products consist primarily of high quality, human grade, wholesome ingredients,
when in truth and fact those products consist primarily of low quality, undesirable ingredients.

68.    Nestlé Purina's acts or practices alleged herein constitute deceptive acts or
practices in violation of Conn. Gen. Stat. § 42-110b.  Blue Buffalo has suffered, and will
continue to suffer, an ascertainable loss of money or property as a result of Nestlé Purina's
actions, and is entitled to recover actual damages pursuant to Conn. Gen.  Stat. § 42-110g(a).
Because Nestlé Purina has acted with a willful, reckless and/or wanton indifference to Blue
Buffalo's rights, Nestlé Purina also is liable for punitive damages pursuant to Conn. Gen. Stat.
§ 42-110g(a).  Blue Buffalo also is entitled to recover its costs and reasonable attorneys' fees
incurred in prosecuting this action pursuant to Conn. Gen. Stat. § 42-110g(d).  Pursuant to
Conn. Gen. Stat. § 42-110g(a), Blue Buffalo is further entitled to the entry of a preliminary
and permanent injunction enjoining Nestlé Purina from falsely representing to the public that
high-quality wholesome ingredients are the primary ingredients in certain of its pet food
products, when in fact those ingredients constitute only a tiny portion of those products.

69.    In compliance with Conn. Gen. Stat. § 42-110g(c), a copy of this Complaint is
being mailed to the Attorney General of the State of Connecticut and the Connecticut
Commissioner of Consumer Protection on this date.

## THIRD CLAIM FOR RELIEF
### (Unfair, Immoral, Unethical, Oppressive and Unscrupulous
### Behavior Under the Connecticut Unfair Trade Practices Act)

70.    Paragraphs 1 through 69 of the Complaint are hereby repeated and realleged as if fully set forth herein.

71.    The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a) provides:  "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

72.    By reason of the foregoing, Nestlé Purina's conduct has been unlawful or offended public policy as it has been established by statutes, including the Lanham Act, the common law, or otherwise in that it is within at least the penumbra of common-law, statutory, or another established concept of unfairness, and for that reason constitutes an unfair or deceptive act or practice.

73.    Nestlé Purina's conduct also has been fraudulent, immoral, unethical, oppressive, or unscrupulous.

74.    Nestlé Purina's conduct also has caused substantial injury to consumers, competitors, and/or other business persons or entities, including Blue Buffalo, and for that reason as well constitutes an unfair or deceptive act or practice.  The substantial injury inflicted by the Nestlé Purina's conduct was and is not outweighed by any countervailing benefits to consumers or competition (because there is no such benefit), and reasonably could not have been and cannot be avoided by consumers, competitors, and/or other business persons or entities, including Blue Buffalo.

75.    Nestlé Purina's acts or practices alleged herein constitute unfair acts or practices in violation of Conn. Gen. Stat. § 42-110b.  Blue Buffalo has suffered, and will continue to suffer, an ascertainable loss of money or property as a result of Nestlé Purina's

30

actions, and is entitled to recover actual damages pursuant to Conn. Gen. Stat. § 42-110g(a). Because Nestlé Purina has acted with a willful, reckless and/or wanton indifference to Blue Buffalo's rights, Nestlé Purina also is liable for punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a). Blue Buffalo also is entitled to recover its costs and reasonable attorneys' fees incurred in prosecuting this action pursuant to Conn. Gen. Stat. § 42-110g(d). Pursuant to Conn. Gen. Stat. § 42-110g(a), Blue Buffalo is further entitled to the entry of a preliminary and permanent injunction enjoining Nestlé Purina from falsely representing to the public that high-quality wholesome ingredients are the primary ingredients in certain of its pet food products, when in fact those ingredients constitute only a tiny portion of those products.

76.     In compliance with Conn. Gen. Stat. § 42-110g(c), a copy of this Complaint is being mailed to the Attorney General of the State of Connecticut and the Connecticut Commissioner of Consumer Protection on this date.

### FOURTH CLAIM FOR RELIEF
### (Violation of the Connecticut Unfair Sales Practices Act)

77.     Paragraphs 1 through 76 of the Complaint are hereby repeated and realleged as if fully set forth herein.

78.     The Connecticut Unfair Sales Practices Act, Conn. Gen. Stat. § 42-115e(a) states: "A person likely to be damaged by a deceptive trade practice of another may be granted an injunction enjoining such practice under the principles of equity and on terms that the court considers reasonable."

79.     Nestlé Purina's acts or practices, as alleged herein, constitute unfair or deceptive acts or trade practices.

80.     As alleged herein, Blue Buffalo has been damaged, and will continue to be damaged, as a result of Nestlé Purina's actions.

31

81.    Pursuant to Conn. Gen. Stat. § 42-115e, Blue Buffalo is entitled to the entry of a preliminary and permanent injunction enjoining Nestlé Purina from falsely representing to the public that high-quality wholesome ingredients are the primary ingredients in certain of its pet food products, when in fact those ingredients constitute only a tiny portion of those products.

82.    Because Nestlé Purina has willfully engaged in a deceptive trade practice, as alleged herein, Blue Buffalo is entitled to recover its costs and reasonable attorneys' fees pursuant to Conn. Gen. Stat. § 42-115e(b).

83.    Blue Buffalo seeks this relief in addition to remedies otherwise available for the same conduct under the common law or other statutes of this state under Conn. Gen. Stat. § 42-115e(c).

## FIFTH CLAIM FOR RELIEF
### (Unfair Competition Under Connecticut Common Law)

84.    Paragraphs 1 through 83 of the Complaint are hereby repeated and realleged as if fully set forth herein.

85.    In connection with its advertisements and packaging concerning, *inter alia*, its **Beggin' Strips**, *Cat Chow Naturals*, *Fancy Feast*, *Beneful*, **Chef Michael's**, *Just Right*, **Waggin' Train** and *Canyon Creek Ranch* products, Nestlé Purina has made false and misleading descriptions or representations of fact.  Nestlé Purina's statements are expressly false, impliedly false, or both.

86.    Nestlé Purina's false and misleading statements have deceived, or have the tendency to deceive, a substantial portion of the intended audience, about matters that are material to purchasing decisions.

87.     As alleged herein, a result of these false and misleading statements by Nestlé Purina, Blue Buffalo has been deprived of a commercial business advantage.

88.     Nestlé Purina's false and misleading statements are made in commercial advertising and promotion in the State of Connecticut.

89.     Blue Buffalo is likely to suffer, has suffered, and will continue to suffer damages and irreparable injuries as a result of Nestlé Purina's wrongful acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Blue Buffalo prays for judgment against Nestlé Purina as follows:

1.     For preliminary and permanent injunctive relief prohibiting Nestlé Purina, their agents, or anyone working for, in concert or on behalf of Nestlé Purina, from engaging in false or misleading advertising with respect to Nestlé Purina's pet food products and/or otherwise violating Lanham Act § 43(a), including, but not limited to, enjoining them from conveying the false message to consumers that:  (1) the main ingredients in certain Nestlé Purina pet foods are high quality, wholesome ingredients—such as salmon, filet mignon, bacon, sirloin steak, beef and rice—when in fact those ingredients do not exist at all in the products or constitute only a tiny portion; (2) certain Nestlé Purina pet food products are comprised mainly of premium human quality ingredients, when in fact they are not; (3) Nestlé Purina's *Just Right* dog food is "personalized" so that each dog receives a "unique blend" tailored to that dog's individual nutritional needs, when in fact they do not; and (4) certain Nestlé Purina pet food products are healthy for dogs, when in fact those products are known by Nestlé Purina to cause sickness and death.

2.     For an order requiring Nestlé Purina to correct the erroneous impressions consumers have derived concerning the nature, characteristics or qualities of Nestlé Purina's

pet food products, including, without limitation, the placement of corrective advertising and providing written notice to the public;

3.      That Nestlé Purina be adjudged to have violated 15 U.S.C. § 1115(a) by unfairly competing against Blue Buffalo by using false, deceptive or misleading advertising that misrepresents the nature, quality and characteristics of Nestlé Purina's pet food products;

4.      That Nestlé Purina be enjoined, pursuant to Conn. Gen. Stat. § 42-110g(a), from engaging in any acts that violate the Connecticut Unfair Trade Practices Act, including, but not limited to, the unfair and deceptive acts and practices alleged herein;

5.      That Nestlé Purina be enjoined, pursuant to Conn. Gen. Stat. § 42-115e from engaging in deceptive trade practices, including, but not limited to, the unfair and deceptive practices alleged herein;

6.      That Nestlé Purina be adjudged to have unfairly competed against Blue Buffalo by engaging in false or misleading advertising under the common law of the State of Connecticut;

7.      That Blue Buffalo be awarded damages it has sustained in consequence of Nestlé Purina's wrongful conduct, pursuant to, *inter alia*, Conn. Gen. Stat. § 42-110g(a);

8.      That Blue Buffalo be awarded punitive damages against Nestlé Purina pursuant to, *inter alia*, Conn. Gen. Stat. § 42-110g(a);

9.      That Blue Buffalo be awarded the profits obtained by Nestlé Purina as a consequence of Nestlé Purina's wrongful conduct;

10.     That such damages and profits be trebled and awarded to Blue Buffalo as a result of Nestlé Purina's willful, intentional and deliberate acts in violation of Lanham Act § 43(a);

11.    That Blue Buffalo recover its costs and reasonable attorneys' fees, pursuant to, *inter alia*, Conn. Gen. Stat. § 42-110g(d) and 42-115e(b);

12.    That all of Nestlé Purina's misleading and deceptive advertising and packaging be destroyed as allowed under 15 U.S.C. § 1118;

13.    That Nestlé Purina be required to serve upon Blue Buffalo, within thirty (30) days after service on Nestlé Purina of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Nestlé Purina has complied with the injunction;

14.    That Blue Buffalo be granted prejudgment and postjudgment interest; and

15.    That Blue Buffalo have such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Blue Buffalo hereby demands a trial by jury on all issues and claims so triable.

Dated:  December 2, 2014
          New Haven, Connecticut

WIGGIN AND DANA LLP

By:  ___/s/ James I. Glasser_____
          James I. Glasser (Ct07221)
          Kim E. Rinehart (Ct24427)
          One Century Tower
          265 Church Street
          P.O. Box 1832
          New Haven, Connecticut 06508
          Tel: (203) 498-4400
          Fax: (203) 782-2889
          jglasser@wiggin.com

          Robert M. Langer (Ct06305)
          20 Church Street
          Hartford, CT 06103
          Tel: (860) 297-3700
          Fax: (860) 525-9380
          rlanger@wiggin.com

              -and-

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

          Martin Flumenbaum
          (pro hac vice motion pending)
          Robert A. Atkins
          (pro hac vice motion pending)
          Darren W. Johnson
          (pro hac vice motion pending)

          1285 Avenue of the Americas
          New York, New York 10019
          Telephone: (212) 373-3000
          Facsimile: (212) 757-3990
          mflumenbaum@paulweiss.com
          ratkins@paulweiss.com
          djohnson@paulweiss.com

          *Counsel for Blue Buffalo Company, Ltd.*