UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE BLUE BUFFALO COMPANY LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15 CV 384 RWS |
| ) | |
| NESTLÉ PURINA PETCARE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Non-Party Subpoena Respondent Leo Burnett Company, Inc.'s motion to quash Plaintiff Blue Buffalo's subpoena for documents. Familiarity with this case and its history is presumed. Blue Buffalo opposes the motion to quash, and I heard oral argument on this matter on February 16, 2016. For the reasons that follow, I will grant in part and deny in part Leo Burnett's motion.

## **Discussion**

Leo Burnett provides advertising services to Defendant Nestle Purina. Blue Buffalo served a subpoena on Leo Burnett seeking documents mostly related to its marketing research and advertising work for Purina and the products that are at issue in this case. Leo Burnett argues that the subpoena should be quashed because any documents in its possession should be produced by Purina first, any documents in its possession that are not also in Purina's possession are not relevant, the requests are premature and overbroad, and producing the documents would be unduly burdensome. Leo Burnett also moves to recover attorney's fees to compensate it for its efforts in responding to the subpoena. In the alternative, if I do not quash the subpoena, Leo Burnett asks that I order Blue Buffalo to pay its fees and the costs of the production.

BB has agreed to only seek documents not in Purina's possession. In its briefs and at oral argument, the only examples of documents Blue Buffalo provides for such documents are "customer research and marketing analytics documents" and instructions Leo Burnett might have received orally from Purina and then memorialized. Blue Buffalo argues that these documents are relevant to what Purina intended its advertisements to say and if the advertisements were misleading in the advertisers' eyes.

As the parties note, the issue raised by this motion is similar to an issue I addressed in a different case involving these same parties, *Nestle Purina Petcare Company v. Blue Buffalo Company, Ltd.*, 4:14 CV 859 RWS. In that case, I previously granted non-party the Invus Group's motion to quash a subpoena served on it by Purina because "the preferred course of discovery is for Purina to obtain any relevant and responsive discovery regarding its relationship with the Invus Group from Blue Buffalo first, before burdening non-party the Invus Group with a subpoena, if necessary." *See* 4:14 CV 859 RWS, Order of September 23, 2015 [#464].

The same reasoning applies here. Quashing the Leo Burnett subpoena, at least in most part, is proper under FRCP 26(b)(2)(C) ("[T]he court must limit the . . . extent of discovery . . . if (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive") and FRCP 45(d)(3)(A)(iv) ("[T]he court . . . must quash or modify a subpoena that (iv) subjects a person to undue burden."). Although Blue Buffalo has represented that it will not seek duplicative production, until Purina completes its production,[1] Leo Burnett does not necessarily know which of its responsive documents are duplicative of Purina's documents. Additionally, Leo Burnett

---

[1] As discussed at the February 16, 2016 status conference in this matter, Purina is expected to accelerate its document production and report back to the Court at the next scheduled status conference, at which point a more definite schedule will be set. While the exact deadline for Purina to complete its document production has not yet been set, the parties have proposed completion dates ranging from sometime between mid-April 2016 and the end of September 2016.

has represented that undertaking the production sought here would cost hundreds of thousands of dollars. While I understand Blue Buffalo's frustration in having to wait for Purina's production before seeking these documents from Leo Burnett, there is value in sequencing discovery, especially where, as here, the production would be extensive, costly, and impose an undue burden on a non-party.

This ruling, however, should not be read to mean that no third party discovery is appropriate until the parties to the action complete their own document productions. Nor is Blue Buffalo prevented from seeking this discovery from Leo Burnett at a later date when the parties are better able to define which documents would be duplicative and when the burden of production would not be so great.

Additionally, I limit my holding to one exception, in which regard I deny the motion to quash: Leo Burnett shall produce the customer research and marketing analytics documents it represented that it has already compiled and had tentatively agreed to produce during its meet and confer sessions with Blue Buffalo. Because Leo Burnett has already compiled those documents, there is little burden in asking it to produce them now.

Finally, because I am mostly granting the motion to quash the subpoena, and to the extent that I require Leo Burnett to produce certain marketing analytics documents, because I cannot find, based on the information before me, that production would be significant or an undue burden, I will not award attorney's fees to Leo Burnett at this time. *See* FRCP 45(d). However, I will consider ordering Blue Buffalo to reimburse Leo Burnett for the costs of the production. Blue Buffalo and Leo Burnett shall meet and confer in an effort to reach agreement on the details of a cost-shifting agreement.

Additionally, I will deny Leo Burnett's request for sanctions and attorney's fees for its attorneys' efforts responding to the subpoena. I do not find that Blue Buffalo unreasonably imposed an undue burden or expense on Leo Burnett in serving the subpoena or in the course of their negotiations. *See* FRCP 45(d)(1).

Accordingly,

**IT IS HEREBY ORDERED that** Non-Party Subpoena Respondent Leo Burnett Company, Inc.'s motion to quash Plaintiff Blue Buffalo's subpoena for documents #[137] is **GRANTED** in part and **DENIED** in part. To the extent the motion is granted, the subpoena is quashed *without prejudice*. To the extent the motion is denied, Leo Burnett shall produce the marketing analytics documents.

**IT IS FURTHER ORDERED** that Blue Buffalo and Leo Burnett shall meet and confer in an effort to reach agreement on the details of a cost-shifting arrangement.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2016.