UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE BLUE BUFFALO COMPANY LTD., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | ) Case No. 4:15 CV 384 RWS |
| | ) |
| NESTLÉ PURINA PETCARE COMPANY, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

## **MEMORANDUM AND ORDER**

This false advertising suit is before me on Plaintiff/Counterclaim Defendant Blue Buffalo Company Ltd. ("Blue Buffalo")'s Amended Motion to Dismiss Defendant/Counterclaim Plaintiff Nestlé Purina Petcare Company ("Purina")'s Amended Counterclaim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Purina opposes the motion and the issues are fully briefed. Most of Purina's claims border on frivolous and will be dismissed as a matter of law. Because some of Purina's claims require the evaluation of extrinsic evidence, however, they will survive at this stage of the case, and I will grant in part and deny in part Blue Buffalo's motion to dismiss.

## **Background**

Familiarity with this case and its background is presumed, but a brief review of the case as it relates to the motion before me would be useful. Blue Buffalo brought this suit alleging that Purina's advertising for several of its pet food products violates section 43 of 15 U.S.C. § 1125(a) ("the Lanham Act") and other state law provisions. Blue Buffalo alleged that Purina falsely advertised ten of its pet food brands by, among other things, misleading consumers into

thinking certain ingredients were primary ingredients when they were not and suggesting that certain ingredients were premium ingredients when they were of inferior quality.

Purina has filed an amended answer and counterclaims against Blue Buffalo, alleging that Blue Buffalo's advertising for several of its pet food products violates section 43 of 15 U.S.C. § 1125(a) ("the Lanham Act"), the Connecticut Unfair Trade Practices Act ("CUTPA"), and constitutes unfair competition under Missouri common law. *See Amended Counterclaim* [#128]. Notably, Purina "brings this counterclaim in the alternative," stating that:

> Purina maintains that Blue Buffalo's Complaint in this action does not contain any viable claims and that Purina has valid defenses to all of Blue Buffalo's claims. However, in the event a trier of fact were to find that that Blue Buffalo's Complaint may contain any viable claims, then Blue Buffalo too should be held accountable for engaging in essentially the same, and indeed significantly more pervasive, practices that it alleges against Purina.

*Id.* at ¶ 9.[1] As promised, Purina advances many of the same type of arguments articulated by Blue Buffalo it the Amended Counterclaim, including that Blue Buffalo's advertising misleads consumers into believing certain premium ingredients are primary ingredients when in fact they are not.

## **Choice of Law**

This case was transferred pursuant to 28 U.S.C. § 1404(a) from the District of Connecticut, where it was properly filed. As a result, the laws of Connecticut and the United States Court of Appeals for the Second Circuit govern this action. *See Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585-86 (8th Cir. 2007) ("[I]f a district court in one state transfers an otherwise properly filed case to a district court in another state solely '[f]or the convenience of parties and witnesses,' 28 U.S.C. § 1404(a), the

---

[1] Federal Rule of Civil Procedure 8(d)(2) allows parties to plead "2 or more statements of a claim or defense alternatively," but I am not aware of any court interpreting Rule 8 to allow an entire counterclaim to be brought in the alternative. While I will not dismiss the counterclaim outright on this basis, I do find Purina's apparent disbelief of its own theories to be telling.

transferee court applies the choice-of-law rules of the state in which the transferor court sits."). *See also* Ruling Re: Motion to Transfer Venue [#48], Cause No. 3:14-cv-1665.

### Legal Standard

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. (12)(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While factual matter must be accepted as true, courts will not presume conclusory statements to be true. *Id.* at 679. Unlike state courts, however, which often require detailed statements of fact in a petition, the federal rules require only notice pleading. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 575 (2007).

### Discussion

**A. False Advertising and the Reasonable Consumer Standard**

In the Second Circuit, a plaintiff must prove the following elements to succeed in a claim for false advertising under section 43(a) of the Lanham Act:[2] (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant

---

[2] The elements of Purina's related claims for false advertising under Connecticut and Missouri law are the same or substantially similar to those for a claim under the Lanham Act. As a result, my analysis of the Lanham Act claim will apply equally to Purina's state law claims.

caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant or by a lessening of the goodwill associated with its products. *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001).

As stated in my Memorandum and Order of June 10, 2015, *see* [#88], false advertising claims are governed by the "reasonable consumer standard." *See also Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007). The Second Circuit has articulated the standard as follows: "If . . . no reasonable buyer would take [the representation] at face value, there is no danger of consumer deception and hence, no basis for a false advertising claim under the Lanham Act." *Id.*

There are two different theories of recovery in a Lanham Act action for false advertising. "First, the plaintiff can demonstrate that the challenged advertisement is literally false." *Time Warner Cable, Inc.*, 497 F.3d at 153 (quoting *Coca–Cola Co. v. Tropicana Prods., Inc.*, 690 F.2d 312, 317 (2d Cir. 1982)). "Alternatively, a plaintiff can show that the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers." *Id.*

When plaintiffs bring an implied falsity claim, as Purina does here, they are "'claiming that a statement, whatever its literal truth, has left an impression on the listener [or viewer] that conflicts with reality'—a claim that 'invites a comparison of the impression, rather than the statement, with the truth.'" *Time Warner Cable, Inc.*, 497 F.3d at 153 (quoting *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 229 (2d Cir. 1999)). "Therefore, . . . 'a district court *must* rely on extrinsic evidence [of consumer deception or confusion] to support a finding of an implicitly false message.'" *Id.* (emphasis in original) (alterations in original). As a result, whether an advertisement is deceptive "is generally a question of fact which requires consideration and

4

weighing of evidence from both sides and therefore usually cannot be resolved through a motion to dismiss." *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955, at *17 (E.D.N.Y. July 21, 2010) (quoting *Williams v. Gerber Products Co.*, 552 F.3d 934, 938–39 (9th Cir. 2008)).

However, that is not to say that resolution of a false advertising case on a motion to dismiss is always inappropriate. Courts will dismiss false advertising and similar claims when, construing the factual allegations in the light most favorable to the plaintiff, the challenged advertising statements would not plausibly deceive a reasonable consumer. *See, e.g., Werbel v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010); *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW AGRX, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (compiling cases dismissing false advertising claims as a matter of law). While "granting a motion to dismiss a UCL claim is a 'rare situation' . . . dismissal would be proper if the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id.* at *2 (quoting *Williams*, 552 F.3d at 939). Dismissal as a matter of law is proper "especially where . . . the claim alleges that a consumer will read a true statement on a package and will then disregard 'well-known facts of life' and assume things about the products other than what the statement actually says."). *Id.* at *3.

### B. Analysis

#### 1. *Super 7 Lifesource Bits*

Purina alleges that Blue Buffalo falsely advertises its dog and cat food products containing "Super 7 Lifesource Bits" through its product statements, which Purina alleges suggest that they are superior in nutrition to other pet foods and that the products contain a significant amount of the ingredients found in the Lifesource Bits. Purina cites to Blue Buffalo's

Life Protection Formula with Lifesource Bits, Lamb and Brown Rice Recipe, as an example of a product containing Lifesource Bits.

A Super 7 Lifesource Bits graphic appears on the packaging for the Life Protection Formula with Lifesource Bits Lamb and Brown Rice Recipe. Purina alleges that this graphic, which is colorful and depicts certain fruits and vegetables, misleads consumers into thinking the product contains significant amounts of fruits and vegetables, when in fact these ingredients likely only make up .25% of the product overall. Purina also alleges that the statement on the packaging that the product contains "healthy fruits & veggies" is misleading, as is Blue Buffalo's use of the term "antioxidant-rich," and that Blue Buffalo's website contains statements that reinforce the misleading message that the seven ingredients in the Lifesource Bits are primary ingredients.

I have reviewed the challenged advertisements, packaging, and website statements as a whole,[3] and I conclude that, when the challenged statements are taken together, Purina has stated a sufficiently plausible claim for false advertising in relation to Blue Buffalo's Super 7 Lifesource Bits, including its allegations about the Life Protection Formula with Lifesource Bits products. While Purina's allegations here may be weak, they are not so incredible that I can say as a matter of law that they should be dismissed, particularly in light of the Second Circuit's warning that a "district court must look to consumer data to determine what 'the person to whom the advertisement is addressed find[s] to be the message'" when the challenged statements could plausibly deceive a reasonable consumer. *Time Warner Cable, Inc.*, 497 F.3d at 158 (quoting *American Home Products Corp.*, 577 F.2d at 166). As a result, Purina's claims about Blue

---

[3] Purina includes images of the challenged statements, packaging, and advertisements in its counterclaim and in an Appendix to the Amended Counterclaim. As a result, these images and statements are properly before me on my consideration of the motion to dismiss.

Buffalo's Super 7 Lifesource Bits and Life Protection Formula products will survive the motion to dismiss.

        2. *Savory Sizzlers*

Purina alleges that Blue Buffalo falsely advertises its Kitchen Cravings Savory Sizzlers Homestyle Dog Treats as containing bacon as a main ingredient when in fact the product does not contain any bacon. Purina alleges that Blue Buffalo communicates this false message through its packaging and product labels.

Savory Sizzlers come in two versions – a pork-based version and a chicken-based version. The front of the pork-based product packaging states in prominent lettering that it features "USA PORK <u>FIRST</u> INGREDIENT." Likewise, the chicken-based version states "USA CHICKEN <u>FIRST</u> INGREDIENT" prominently on the front of the package. The only mention of bacon is on the back of the package, which states in small lettering "If there's one thing that will bring dogs running, it's the smell of bacon sizzling in the pan. Tasty BLUE Sizzlers are the naturally healthy alternative to the real thing, so you can feel good about rewarding your canine companion with the bacon flavor he craves." Purina argues that this language on the back of the package, along with a clear window in the packaging allowing consumers to see the product itself, which is in the shape of bacon strips, misleads consumers into thinking the product contains bacon.

Reviewing the packaging and product as a whole, I conclude that Purina has failed to state a plausible claim for false advertising regarding the Savory Sizzlers. Even when I draw all reasonable inferences in the light most favorable to Purina, I find that no reasonable consumer could believe that Savory Sizzlers contain bacon as a main ingredient. The packaging clearly states that pork or chicken, depending on the variety, is the "<u>FIRST</u> INGREDIENT," and the

only mention of bacon is in the context of a statement about how Savory Sizzlers are *not* bacon, but rather, are an *alternative* to bacon. While dismissing a false advertising claim as a matter of law is a rare event, dismissal is proper where, as here, "the claim alleges that a consumer will read a true statement on a package and will then disregard 'well-known facts of life' and assume things about the products other than what the statement actually says." *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW AGRX, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012).

3. *Health Bars*

Purina alleges that Blue Buffalo falsely advertises its BLUE Health Bars, a biscuit-type dog treat, as containing certain primary ingredients when in fact those ingredients are not primary ingredients. Purina challenges two Health Bars flavors – Health Bars Baked with Banana and Yogurt and Health Bars Baked with Bacon, Egg & Cheese.

Purina's alleges that the name of the Banana and Yogurt Bars, the phrase "Baked with Banana and Yogurt," and the yellow and cream-colored packaging imply that bananas and yogurt are primary ingredients of those products, when in fact the first three ingredients are oatmeal, barley, and oat flour. Banana is ingredient number four and yogurt is ingredient number five. As a result, Purina alleges that banana and yogurt and therefore not primary ingredients.

Purina alleges that name of the Bacon, Egg & Cheese flavor Health Bars, the phrase "Baked with Bacon, Egg & Cheese," and the red packaging for that flavor conveys a message that meat is a primary ingredient.

Purina's allegations here are on par with those in *Red v. Kraft Foods, Inc.*, which dismissed the plaintiff's claim that the packaging for "Vegetable Thins" and "Ritz Roasted Vegetable Crackers" mislead consumers into thinking vegetables were a primary ingredient

8

because "the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." *Red*, 2012 WL 5504011, at *10-12.

The same is true here. Health Bars are dog biscuits. The Health Bars packaging features a large photograph of a Health Bars biscuit. Like crackers, reasonable consumers know as a fact of life that biscuits are not composed primarily of fruit and yogurt, but rather, like all baked goods, are primarily composed of grains and flours. The same holds true for Purina's challenges to the Bacon, Egg & Cheese flavor – no reasonable consumer would believe that bacon, egg, or cheese are the primary ingredients in a dog biscuit. Nor do Purina's allegations that the packaging color schemes reinforce the allegedly misleading primary ingredient message make its claim sufficiently plausible. While color schemes are often used to connote flavor, they do not necessarily imply ingredient primacy. *See, e.g., Boris v. Wal-Mart Stores*, Inc., 35 F. Supp. 3d 1163, 1168-70 (C.D. Cal. 2014).

Finally, Purina also alleges that the Bacon, Egg & Cheese packaging gives consumers the impression that the product contains "real" pieces of bacon, egg, and cheese, when in fact there is no egg or cheese in the product at all. In the same breath, however, Purina pleads that the seventh and eighth ingredients are "dried egg" and cheese powder," and that bacon is the fifth ingredient. *See Amended Counterclaim* [#128] at ¶¶ 26-27. While I must take the factual allegations in a complaint to be true, I cannot do that when a plaintiff's own complaint defeats itself. Giving Purina as much credit as I possibly can, I will assume Purina had a theory that dried or powdered-forms of egg and cheese are not "real" when it pleaded this theory, and not that it was flouting the requirements of Fed. R. Civ. P. 11. But Purina does not explain how a dry or powder-form of an ingredient makes it any less real, nor is there any plausible basis for

9

concluding so. Courts routinely dismiss similar claims, and I will do the same here. *See, e.g., Manchouck v. Mondelez Int'l, Inc.*, No. 13-cv-02148, 2013 U.S. Dist. LEXIS 138877, at *6-10 (N.D. Cal. Sept. 26, 2013).

As a result, I find that Purina has failed to state a claim for false advertising in regards to Blue Buffalo's Health Bars, and I will dismiss these claims from the Amended Counterclaim.

    *4. Family Favorite Recipes*

Purina alleges that Blue Buffalo falsely advertises its line of canned wet dog food called Family Favorite Recipes. Purina challenges the packaging and advertising for the following flavors: Mom's Chicken Pie, Shepherd's Pie, Backyard BBQ, Turkey Day Feast, and Turducken. Purina's main complaint is that the photographic images on the product labels, which depict the traditional title dish, mislead consumers into thinking that the can contains human-grade meals comprised of identical ingredients and ratios of ingredients as those in the traditional dish. Purina alleges that these images, taken together with the "family favorite recipes" tagline on each can, constitute false advertising.

In addition to these more generally-applicable allegations, Purina alleges that the packaging and advertising for the Mom's Chicken Pie flavor is misleading because it does not contain any pie crust or wheat; the packaging and advertising for the Shepherd's Pie flavor is misleading because it does not contain equal parts of meat mixture and potatoes, with mashed potatoes only comprising the ninth ingredient; and that the packaging and advertising for the Backyard BBQ, Sunday Chicken Dinner, Turkey Day Feast, and Turducken flavors are misleading because they are not comprised of high-quality, whole ingredients, nor are some of the ingredients depicted primary ingredients.

Purina's allegations here defy credulity. No reasonable consumer would expect these cans of dog food to contain whole turkeys, turduckens, or pies. Nor would any reasonable consumer believe that the Family Favorite Recipes' references to traditional American meals mean that the same, human grade ingredients are in the cans of dog food. To believe so would require the consumer to "disregard well-known facts of life." *Red*, 2012 WL 5504011, at *3.

As a result, much like my previous ruling finding that Blue Buffalo failed to state a plausible claim that a reasonable consumer would believe that *Fancy Feast Filet Mignon Flavor with Real Seafood and Shrimp* contains the expensive ingredient filet mignon just because it is labeled as "filet mignon flavor," *see* Memorandum and Order of June10, 2015, I find that Purina has failed to state a plausible claim that a reasonable consumer would believe that the Family Favorite Recipes contain human-grade meals featuring identical ingredients and ratios of ingredients to those in the referenced traditional dish. I also find that Purina's allegations specific to the different flavors fail state a plausible claim for false advertising. It is undisputed that each of the products contain the ingredients depicted on the package labels. In addition, many of the claims Purina makes about the specific flavors are merely conclusory allegations (such as its claims that the in-store representatives tell consumers the ingredients are human grade). *See Ashcroft v. Iqbal*, 556 U.S. at 679. As a result, I will dismiss Purina's claims regarding Blue Buffalo's Family Favorite Recipes products.

     5. *Wild Bones*

Purina alleges that Blue Buffalo falsely advertises its Wild Bones Dental Chews, a dog bone product from Blue Buffalo's "Wilderness" line, because the packaging misleads consumers into thinking the product contains actual bone. Purina alleges that membership in the Wilderness product line implies "a link to nature and containing ingredients one would find in the wild," and

because other products in the Wilderness line contain real elk antlers and beef bones, Purina alleges that this "further affirm[s] the impression that the product line consists of whole animal bones." Additionally, Purina alleges that the bones are in the shape and color of "true bones," which is visible through a clear window in the packaging, enforcing the allegedly misleading message that the Wild Bones product contains real animal bones.

Purina's allegations here also stretch the bounds of credulity. The "true bone[]" shape that Purina alleges causes consumers to believe the product contains real animal bone is not, in fact, the shape of a real bone. Instead, it is in the shape of a cartoon bone, sized just like a dog biscuit, and is embossed with the word "WILDNERNESS." The Wild Bones do not even remotely resemble real bones. Nor does belonging to the vague "Wilderness" product line plausibly imply that the Wild Bones contain real bone matter just because of the vague reference to the wild. Purina's allegations are far from sufficient to state a claim for false advertising or to plausibly imply that a reasonable consumer would believe that the Wild Bones contain real bones. As a result, I will dismiss Purina's claims regarding the Wild Bones Dental Chews.

6. *Healthy Gourmet Flaked Fish & Shrimp Entrée*

Purina alleges that Blue Buffalo falsely advertises its Healthy Gourmet Flaked Fish & Shrimp Entrée in Gravy canned cat food because the product name misleads consumers into believing that the product is "comprised primarily of wholesome seafood and shrimp." Purina then pastes the ingredient list into its complaint to show that shrimp is only the eighth ingredient, which Purina alleges means it is not a primary ingredient. Purina's complaint fails to acknowledge, however, that the ingredient list also shows that "ocean fish" is the first ingredient, and "fish broth" is the second. As a result, its claim that the product is falsely advertised as being "comprised primarily of wholesome seafood" is self-defeating.

12

I cannot say, however, that no reasonable consumer would believe that shrimp, which appears in the product name, comprises more of the product than it actually does. While Purina's claim here is tenuous, it is not so incredible that a reasonable consumer would have to disregard well-known facts of life to believe it. *See Time Warner Cable, Inc.*, 497 F.3d at 153. Accordingly, Purina's claim that Blue Buffalo falsely advertises its Healthy Gourmet Flaked Fish & Shrimp in Gravy cat food will survive to the extent it alleges that reasonable consumers would believe that it contains shrimp as a primary ingredient, but any claim regarding the presence of fish is defeated by Purina's own pleading and is therefore barred as a matter of law and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counterclaim Defendant Blue Buffalo's Amended Motion to Dismiss #[129] is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant/Counterclaim Plaintiff Purina shall file an amended counterclaim in accordance with the terms of this Memorandum and Order **no later than July 11, 2016**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2016.